Booth, J.,
delivered the opinion of the court:
Samuel M. Plumley, the claimant herein, entered into an agreement to complete the new Naval Observatory on Georgetown Heights. The contract for the erection of the buildings had originally been let to P. H. McLaughlin & Co., in October, 1888. On September 8, 1891, the Secretary of the Navy declared the McLaughlin contract forfeited and immediately issued a public invitation for proposals for the completion of the McLaughlin contract. Claimant was the successful bidder and executed the contract in suit accordingly. Claimant’s contract was coextensive with the McLaughlin agreement and obligated him to carry forward the unfinished construction as provided by the terms of the McLaughlin contract and “all authorized changes therein.”
The claim now presented is for delay and extra work, alleging that the items set forth in the petition were not authorized changes within the meaning of the McLaughlin contract. The present controversy in most respects is fully determined by the case of McLaughlin & Co. v. United States (37 C. Cls., 150). The court in that case discussed at length the various provisions of the McLaughlin contract and its judgment therein forestalls recovery for all the items herein claimed for except Finding II. Clause 3 of the McLaughlin contract (Finding I) provided a mode for making changes in the drawings, plans, and specifications which might either increase or diminish the cost of the work to the contractor. If the change involved a cost in excess of $500 it could not be made except upon the written order of the Secretary of the Navy and required the appointment of *281 a board of naval officers by the Secretary to determine the actual cost of such a change to the contractor. If the cost of the contemplated change was less than this amount an agreement in writing between the contractor and the architect appointed by the Secretary of the Navy was indispensable.
Prior to the forfeiture of the McLaughlin contract a change was made therein as set forth in memorandum No. 1 (Finding III), and McLaughlin & Co. had completed the work required thereunder and received the compensation provided therein. The architect in charge of the work required the claimant to install in some of said buildings a new and quite elaborate system of ventilation, insisting that the requirements therefor were fully covered by the terms of memorandum No. 1; that the same was a duly authorized change under the McLaughlin contract and hence denied him pay therefor.
Claimant appealed to the Secretary of the Navy, protesting against the requirements of the architect and requesting his decision thereon. The Secretary of the Navy affirmed the decision of the architect and required the contractor to perform the work. The findings disclose that the ventilation system was not embraced in memorandum No. 1 and was not an Authorized change in the McLaughlin contract.
The ninth clause of the Plumley contract, however, precludes recovery for this item. By this clause provision is made for the determination of any discrepancy between the plans, specifications, contract of October 2, 1888, and this contract. The parties obligated themselves to submit any such disputes to the Secretary of the Navy, and his decision thereon was final. In addition to the conclusiveness of the ninth clause, it appears that the claimant herein was fully aware of the construction placed upon memorandum No. 1, both by the Secretary of the Navy and McLaughlin & Co. prior to the execution of the contract in suit. Claimant well knew that said ventilation system was being installed by McLaughlin & Co. as a part of memorandum No. 1, and made no protest or exception to carrying.forward said work at the time he executed the contract. He can not after the execution of his contract for the first time be heard to com *282 plain of the imposition of work and labor under the terms thereof, which he must have known and did know at the time were intended as a part of his undertaking. His silence when it was his duty to speak effectually estops him from speaking when it is to his interest to speak. (Alvord v. United States, 8 C. Cls. R., 364, and authorities there cited.) In contracts of this nature the parties may. contract to submit certain disputes to the Secretary of the Navy in authority over the whole undertaking and provide therein as to the finality of his decision. (See P. H. McLaughlin & Co., supra, and authorities cited therein.)
The expenses incident to delay, as set forth in Finding II, come within the McLaughlin case and will be allowed. All other items claimed for in the petition will be disallowed.
The circumstances under which said work was performed are fully set forth in Finding XVI and come within the dis-allowances made in the McLaughlin case, supra.
Judgment will be awarded claimant for $502,50, and in all other respects the petition is dismissed.