Barney, Judge,
delivered the opinion of the court:
The question for decision in this case arises upon the demurrer of the defendants to certain paragraphs or counts of the claimant’s petition. These paragraphs present different items of damages for which judgment is claimed, growing out of a contract for the construction of a section of quay wall in the navy yard at Portsmouth, New Hampshire. It is in substance alleged that these claims are for certain work required to be done which was a deviation from *167 the contract, in effect for extra work performed under tbe contract.
The contract and specifications are attached to the petition and made a part of the same, and such parts thereof as are deemed necessary to construe in the determination of this case will be quoted. Section 4 of the specifications is as follows:
“4. Control of worle. — The party of the second part, by its officer in charge of the work or other authorized representative, shall at all times exercise full supervision and general direction of all work under the contract, so far as it affects the interests of said party, and all questions, disputes, or differences as to any part or detail thereof shall be decided by such officer or representative, and if such decision shall not be acceptable to the party of the first part a final decision shall be made by the Chief of the Bureau of Yards and Docks * *
Sections 14 and 15 are as follows:
. “ 14, Changes. — The party of the second part reserves the right to make such changes in the contract, plans, and specifications as may be deemed necessary or advisable, and the party of the first part agrees to proceed with such changes as directed in writing by the Chief of the Bureau of Yards and Docks. The cost of said changes shall be estimated by the officer in charge, and, if less than $500, shall be ascertained by him. If the cost of said changes is $500 or more, as estimated by the officer in charge, the same shall be ascertained by a board of not less than three officers or other representatives of the party of the second part, to be appointed under the direction of the Chief of the Bureau of Yards and Docks. The cost of changes, as ascertained above, when approved by the Chief of the Bureau of Yards and Docks, shall be added to or deducted from the contract price, and the party of the first part agrees and consents that the contract price thus increased or decreased shall be accepted in full satisfaction for all work done under the contract: Provided, That the increased cost shall be the estimated actual cost to the party of the first part at the time of such estimate, and that the decreased cost shall be the actual or market value at the time the contract was made, both plus a profit of 10 per centum: And provided further, That changes amounting to $500 or more shall not be made except after being authorized in writing by the Secretary or Assistant Secretary of the Navy, such authority to be cited in the order for the change.
*168 “ 15. Extras. — The contract price shall cover all expenses, of whatever nature or description, connected with the work to be done under the contract. No allowance whatever will be made for extra work or material except as herein elsewhere specified.”
Paragraph 4 of the petition, after reciting and quoting from the specifications, giving certain directions as to stonework, adds as follows:
“In the exercise of the power conferred by paragraph 4 of the general provisions attached to and forming a part of the contract, the engineer officer in charge for the defendants, through and by his subinspection, at all times exercised full supervision over and general direction of all work under the contract. In the course of the construction provided for the officer in charge for the defendants aforesaid required and directed petitioner to place headers and stretchers at the base of the wall which were of greater weight and dimensions than those specified in the specification above quoted.”
Paragraph 5 is as follows:
“The foundation of the sea wall was necessarily laid in water varying from 50 to 70 feet in depth, where the current was swift and the water frequently muddy. The fixing of the lines of construction and the placing of the stone was intrusted by the engineer in charge for the defendants to a diver in the employ of the defendants, to whose direction said engineer in charge instructed the petitioner to conform. In complying with said directions given to him by said diver, petitioner was required to place, and did place, a large quantity of stone outside of the specified lines of the wall provided for in the contract.
“The nature and character of the work of constructing the said wall was such that petitioner could not, and did not, know at the time the work was being done that he was doing construction work outside of the lines specified in the contract.
“ The amount of said stone so placed outside of the specified lines of the wall as provided for in the contract was between 3,450 and 3,500 tons, which was worth to the United States when so placed $30,000, which amount petitioner says is lawfully and justly due him therefor.”
Paragraph 6 is a claim for being compelled to countersink certain bolts, at considerable expense, in a manner alleged to be so grossly contrary to the provisions of the contract as to imply bad faith on the part of the officer requiring the same.
*169 It is contended by the Government that the paragraphs of the petition thus abbreviated only state claims for changes and extra work, the payment of which is prohibited by the terms of the contract unless performed as provided by section 14 of the specifications, while it is contended by the plaintiff that these paragraphs of the petition are claims for work required to be performed contrary to the provisions of the contract, and hence are for a breach of the same.
An examination of the averments in the paragraphs in the petition under consideration we think will show that the contention of the plaintiff is correct, that they are claims for extra work directed to be performed under the contract, but which it is claimed were not included in the same. The question then arises whether this states a cause of action under the contract. It is nowhere alleged that the plaintiff at any time protested against being required to perform this alleged extra work or that he ever asked for the final decision on this subject of the Chief of the Bureau of Yards and Docks, as provided in section 4 of the specifications above quoted. It has repeatedly been held by this court and- the Supreme Court that, where in a contract for the construction of work it is provided, as in this case, for a final arbiter upon questions of dispute, in the absence of fraud or mistake so gross as to necessarily imply bad faith, such decision will not be subject to the revisory power of the courts. Kihlberg v. United States, 97 U. S., 398; Martinsburg & Potomac Railroad Co. v. March, 114 U. S., 549; United States v. Gleason, 175 U. S., 588; McLaughlin & Co. v. United States, 36 C. Cls., 138; Plumley v. United States, 43 C. Cls., 266. We do not think that under such circumstances a contractor can for the first time complain to the court and ask for relief. Plumley v. United States, supra, and cases cited; Joice v. United States, 51 C. Cls., 439.
As above stated, paragraph 6 of the petition avers that the decision of the officer in charge of the particular work therein mentioned “ was so grossly contrary to the provision of the contract and the necessities of the work as to necessarily imply bad faith.” This allegation does not relieve the plaintiff from the contract obligation imposed by section 4 of the specifications already discussed. He was under obliga *170 tion to exhaust his remedy provided in the contract before appealing to the courts for relief. It was made necessary in the contract to have the action of the Chief of the Bureau of Yards and Docks on appeal, to be so grossly contrary to the provisions of the contract as to imply bad faith in order to constitute a cause of action.
It follows from the foregoing that the demurrer to paragraphs 4, 5, and 6 should be, and the same is hereby, sustained, with leave to the plaintiff to amend the same, or any one of them, within thirty days.
All concur.