Booth, Judge,
delivered the opinion of the court:
This case apparently involves ho lengthy discussion. It . falls within the principles long since and well established by this and the Supreme Court. Plaintiff’s cause of action rests exclusively upon the issue of delays. The Fleischmann Construction Company, for whom a trustee in bankruptcy sues, on October 14, 1918, entered into a written contract with the Government, known as Contract No. 8425, to construct a naval assembly plant at Alexandria, Virginia. The buildings were to be completed within 175 days from November 6, 1918. On May 24, 1919, subsequent to the original completion date, a supplemental agreement was executed by the *612 parties increasing the compensation of the contractor providing for additional work and extending the time of completion for 50 days. During the course of performance interferences were ascribed to the Government and claims for additional time were preferred by the contractor because of the same. The Government in its final consideration of the contractor’s claims for extension allowed a total of 197 days as due to causes for which the Government was responsible. This allowance left 84 days of delay for which the contractor was held responsible, and liquidated damages at the rate of $500 per day were assessed against the contractor. It is for this amount of $42,000 this suit is brought.
Paragraph 12 of the contract provided as follows:
“ Extension of time. — For causes of the character hereinafter enumerated extensions of time for the completion of the work may be allowed. Should the contractor at any time consider that he is entitled to an extension of time for any cause, he must submit in writing to the officer in charge an application for such extension, stating therein the cause or causes of the alleged delay. The officer in charge will refer the same at once with full report and recommendation to the Navy Department, Bureau of Yards and Docks, for consideration and for such action as the circumstances may warrant. The failure or neglect of the contractor to submit, as above provided, his claim for extension of time within 30 days after the happening of the cause or causes upon which his claim is predicated, shall be deemed and construed as a waiver of all claims and right to an extension of time for the completion of the work on account of the alleged delay, and the contractor agrees to accept the finding and action of the Navy Department, Bureau of Yards and Docks, in the premises as conclusive and binding.”
The plaintiff did not observe the terms and conditions of this provision, although the Government did consider the claims irrespective of this fact. Nevertheless, the paragraph expressly makes the decision of the Navy Department, Bureau of Yards and Docks, conclusive and binding. Therefore, the case falls within the case of Pawling & Co. v. United States, 60 C. Cls. 699; certiorari denied by Supreme Court March 7,1927, 273 U. S. 665. See also Union Insulating & Construction Co. v. United States, 59 C. Cls. 582.
*613 Plaintiff presents a vigorous contention that the partial occupancy of the buildings by the Government during the course of construction constitutes a waiver of the liquidated damage clause of the contract. Several State cases are cited to sustain the argument. We think, however, the cases are inapplicable and the contention untenable, at any rate so far as this contract is concerned. United States v. Bethlehem Steel Co., 205 U. S. 105.
While there is no evidence of actual damages, and in many respects the case seems a hard one, nevertheless we feel confident that under the decisions the plaintiff may not recover. The petition will be dismissed. It is so ordered.
Moss, Judge; Hat, Judge; and Campbell, Chief Justice, concur.
Graham, Judge, took no part in the decision of this case.