Booth, Ohief Justice,
delivered the opinion of the court:
On December 4, 1933, the court sustained the defendant’s demurrer to plaintiff’s petition. Within the time allotted under the rules the plaintiff filed an amended petition and to the same the defendant again interposes a demurrer. The amended petition does not, in our view of the case, materially change the essential facts upon which the issue turns.
*731 The plaintiff is a New York corporation. The Treasury Department solicited bids for painting plaster in the Internal Revenue-Building in Washington. The plaintiff submitted a bid and it was accepted, and on June 16, 1931, entered into a written contract to perform the required work in accord with the adopted plans and specifications for the sum of $78,869.00.
The plaintiff proceeded with the performance of the contract work in a satisfactory manner until August 18, 1931, when the Treasury Department notified it that the contract provision requiring plaintiff to pay all its laborers and mechanics a wage not less than the prevailing rate of wages for work of a similar nature in the city of Washington was not being observed, complaint to this effect having been lodged with the Treasury Department.
The Treasury Department first investigated the fact and thereafter, without reaching an independent determination, referred the controversy to the Secretary of Labor, who later advised the Department that the prevailing rate of wages in Washington at this time for the class of labor involved was $11.00 per day for eight hours’ work, and the Secretary so determined.
The plaintiff up to this time had been paying its laborers and mechanics a wage of $8.00 per day of eight hours. The plaintiff protested the determination of the Secretary of Labor, obtained a conference with the Assistant Secretary of the Treasury in charge of the matter, and sought an opportunity to present evidence in challenge of the Secretary’s determination, but was finally compelled to yield obedience to the same under statements made to it that failure to pay the eleven-dollar wage would constitute a breach of its contract and thereby result disastrously in a financial way to the plaintiff.
The plaintiff observed the determination of the Secretary, paid the eleven-dollar wage, and sues to recover the difference between what is alleged to be the correct prevailing wage scale, i.e., eight dollars per day, and the eleven dollars per day paid. The amount involved is $8,394.00.
The plaintiff’s cause of action is confined to specific allegations that it was coerced by threats of the Treasury De *732 partment to withhold payments then due it for work performed, regard its contract as breached, and enforce against it the consequences of a breach as provided in the contract, if it did not pay the eleven-dollar wages. The plaintiff then alleges that, rather than face prospective financial ruin and become the cause for the discomfort of employees of the building and incur the penalties for delay in the performance of its contract, it did under protest proceed with the-performance of its contract.
The second cause of complaint alleged is that the plaintiff was denied the right to be heard and produce evidence before the Secretary of Labor that eight, and not eleven, dollars per day was the prevailing rate of wages in Washington, and that the withholding of this privilege was a denial to plaintiff of its day in court and unconstitutional.
Third. Plaintiff alleges that as a matter of fact, susceptible of proof, eight and not eleven dollars a day was the prevailing rate of wages for laborers of the kind involved, and in reaching a contrary determination the Secretary of Labor made no effort to ascertain the facts, but arbitrarily determined the facts upon the basis of pay allowed to members of labor organizations under special agreements with employers, and lastly, that the work involved in painting plaster does not fall within the provisions of the act of March 3, 1931.
It is not unusual for Congress by legislation to limit the authority of governmental officials in the way of prescribing the precise terms of Government contracts. This case illustrates what we mean. The act of March 3, 1931 (46 Stat. 1494), provides as follows:
_ “ Be it enacted by the Senate and Home of Representatives of the United States of America in Congress assembled, That every contract in excess of $5,000 in amount, to which the. United States or the District of Columbia is a party, which requires or involves the employment of laborers or mechanics in the construction, alteration, and/or repair of any public buildings of the United States or the District of Columbia within the geographical limits of the States of the Union or the District of Columbia, shall contain a provision to the effect that the rate of wage for all laborers and *733 mechanics employed by the contractor or any subcontractor on the public buildings covered by the '.contract shall be not less than the prevailing rate of wages for work of a similar nature in the city, town, village, or other civil division of the State in which the public' buildings are located, or in the District of Columbia if the public buildings are located there, and a further provision that in case any dispute arises as to what are the prevailing rates of wages for work of a similar nature applicable to the contract which cannot be adjusted by the contracting officer, the matter shall be referred to the Secretary of Labor for determination and his decision thereon shall be conclusive on all parties to the contract: Provided, That in case of national emergency the President is authorized to suspend the provisions of this act.
“ Seo. 2. This act shall take effect thirty days after its passage but shall not affect any contract then existing or any contract that may thereafter be entered into pursuant to invitations for bids that are outstanding at the time of the passage of this act.
“Approved March 3, 1931.”
It is of course conceded that the above act became a part of said contract. As a matter of fact, it is expressly copied into the same as part of the contract specifications, they having been made a part of the contract. The contract in suit was for more than $5,000. The issue of the wage scale could not be adjusted by the contracting officer. The matter was referred to the Secretary of Labor for determination, was by him determined, and his determination is made final. The plaintiff in signing the contract agreed to abide not only by the terms of the contract with respect to other provisions but to this one as well.
In numerous cases both this and the Supreme Court have held that where the parties to a contract mutually agree upon a person or persons and a method of finally and conclusively determining the disputed facts arising in the course of performance, the courts will not disturb the determination of the designated individual unless it appears that the determination was fraudulent or so grossly erroneous as to warrant an implication of bad faith. Kihlberg v. United States, 97 U.S. 398; United States v. Gleason, 175 U.S. 588; Penn Bridge Co. v. United States, 59 C.Cls. 892; Carroll et al. v. United States, 76 C.Cls. 103; Sun Shipbuilding Co. *734 v. United States, 76 C.Cls. 154, 193; and United States v. Babcock, 250 U.S. 328.
An allegation of coercion and threats must be and it is set forth in detail, i.e., the facts relied upon must be averred in the petition. The plaintiff says the Assistant Secretary “ threatened ” to withhold the payment due within five days, unless the finding of the Secretary of Labor was put in force. A threat, we are told, “ is a declaration of an intention or determination to injure another person by the commission of some unlawful act.” Obviously the Secretary was not contemplating an illegal act, for the petition admits that the existing situation might have caused it to abandon the contract, and in addition, the Secretary was without authority to do less than he did.
The contract contained Article 15, in the following language :
“Aeticle 15. Disputes. — Except as otherwise specifically provided in this contract, all disputes concerning questions of fact arising under this contract shall be decided by the contracting officer or his duly authorized representative, subject to written appeal by the contractor within thirty days to the head of the department concerned, whose decision shall be final and conclusive upon the parties thereto as to such questions of fact. In the meantime the contractor shall diligently proceed with the work as directed.”
The defendant aptly suggests that the case directly involves a disputed question of fact, and that under the authorities cited and the admitted fact that the contractor did not comply with or resort to the article to adjust the dispute, the court is without jurisdiction in the premises.
In this case we have not only a statute which imposed upon the contracting officer a mandatory duty of providing as to wage scales of employees of Government contractors, but a positive agreement setting forth the acquiescence of the contractor to do precisely what the contract required the contracting officer to do. The act of March 3, 1931, swpra, contains no provisions for a hearing such as prevails in courts; no duty is imposed upon the Secretary to do more than investigate and determine, and surely if the parties to *735 the contract assent to a settlement oí disputed facts in the way provided they are not at liberty to challenge the same except for fraud or gross error. The issue, we think, does not involve a constitutional question. Silberschein v. United States, 280 Fed. 917, affirmed 266 U.S. 221.
Whatever else may be said, it is undoubtedly the law that the contract in suit would have been one which the contracting officer was without authority to make if he had failed to insert the provisions of the act of March 3, 1931. It is axiomatic that Government officials must act within the scope of their authority, and all persons dealing with them must know the extent of the same. Baltimore & Ohio Railroad Co. v. United States, 261 U.S. 592. Therefore, the plaintiff knew when the contract was signed by it that the wages to be paid its employees were to be fixed in accord with the prevailing wage scale for similar work in the locality of performance, and that the ascertainment of the fact was by Congress and the contract delegated, in the event of differences with respect thereto, to a named individual and his decision made final. By signing the contract the plaintiff restricted its remedies in case of complaint to the method marked out, and waived whatever rights might have attached if the provisions of the contract had been otherwise. This court is without jurisdiction to determine the facts or review the findings of the Secretary of Labor. See Worh, Secretary of the Interior v. United States ex rel. Rives, 267 U.S. 175.
A contention that the character of work to be performed was not embraced within the terms of the act of March 3, 1931, is, we think, superficial. The act is comprehensive and embraces whatever is done “ to an estate to keep it in good order.”
The demurrer to the amended petition will be sustained and the petition dismissed. It is so ordered.
Whaley, Judge; Williams, Judge; Littleton, Judge; and Green, Judge, concur.