Whaley, Judge,
delivered the opinion of the court:
On March 3, 1931, Congress passed what is commonly known as the Bacon Act, Title 40 U. S. C. A. Sec. 276A, which provides for the payment of the prevailing wage in any civil division of the State in which any Government building is to be erected or repaired for which a contract is awarded in excess of $5,000. This act provides:
* * * in case any dispute arises as to what are the prevailing rates of wages for work of a similar nature applicable to the contract which cannot be adjusted by the contracting-officer, the matter shall be referred to the Secretary of Labor for determination and his decision shall be conclusive on all parties to the contract: * * *
The plaintiff was awarded the contract, and it was executed on November 14,1931, for the erection by the Veterans’ Administration of a Veterans’ Administration Hospital at Columbia, South Carolina. The contract price was over $600,000 and L. H. Tripp was named in the contract as the construction officer for the Veterans’ Administration. The plaintiff admits that this contract was subject to the Bacon act.
Shortly after work had commenced on the project a dispute arose that the contractor was not paying the prevailing-wage in the city of Columbia, South Carolina. The matter having been brought to the attention of the Secretary of Labor, a conciliator was sent to the scene of the work. Con *624 ferences were lield at which representatives of the Veterans’ Administration, the Department of Labor, the plaintiff, and the interested labor unions' representing the laborers on the work took part. As a result of these conferences, the contracting officer attempted to adjust the dispute and wrote a letter to the plaintiff fixing the prevailing wage and the plaintiff put into effect the rates of wages as fixed by the contracting officer. Under the act it was the duty of the contracting officer to attempt to adjust the dispute but, where he could not adjust it, the dispute must be referred to the Secretary of Labor for his determination. The labor union, acting for the laborers on the work, was not satisfied with the prevailing wage as fixed by the contracting officer and carried the dispute by protest to the Secretary of Labor and to the contracting officer. The Secretary of Labor took the matter up with the contracting officer and as a result on March 2, 1932, the Veterans’ Administration by letter referred the matter to the Secretary of Labor for his determination. On March 3, the Secretary of Labor made his determination fixing the prevailing wage to be paid by the contractor and notified the contracting officer of his decision. The contracting officer wrote to the Secretary of Labor asking him to reconsider his determination but the Secretary of Labor adhered to his determination and required that the rates as fixed by him be paid on and after April 1, 1932. The contractor protested and asked for a hearing. The record does not disclose that a hearing was granted. The determination made by the Secretary of Labor increased materially the amounts to be paid as the prevailing rate of wages over the attempted adjustment made by the contracting officer. As a result the plaintiff had to pay $45,795.47 for labor in excess of the amount it would have paid had the rates of wages remained as determined by the contracting officer.
The issue is made that the contracting officer having determined what the prevailing wage was, and the contractor having been notified, an “ adjustment ” under the act had been made and that the Secretary of Labor had no jurisdiction in the matter. It is hardly necessary to say “to adjust” means to settle and that “settlement” *625 means final determination of a dispute. The act was not enacted solely for the benefit of the contractor but also for the benefit of the laborera and the wage earners had as much right to question the decision of the contracting officer as the contractor. It is clear from the record that the contracting officer did not adjust the dispute as to what was the prevailing wage because the laborers, acting through their union, immediately appealed the decision of the contracting officer to the Secretary of Labor contending that the wages fixed by the contracting officer were not the correct prevailing wages.
Ever since 1900 in the case of Barlow et al. v. United States, 35 C. Cls. 514, it has been held that laborers have the right to act through their union to lodge a complaint where any public work is not being properly conducted. In that case the “Tacoma Trades Council of the State of Washington ” had complained to the Navy Department of the bad quality of the stone furnished under the contract. The court said: “But any person has a right to lodge a complaint with the proper authorities where there is a public work that is not being properly carried out, and the executive authorities in charge of the work would be wanting in vigilance if they did not look into the complaint.”
Mr. Chief Justice Taft in the case of United Mine Workers v. Coronado Company, 259 U. S. 344, in passing upon the legality of a labor organization to represent and speak on behalf of its membership said:
The machinery of the organization is directed largely toward propaganda, conciliation of labor disputes, the making of scale agreements with operators, the discipline of officers, members, districts and locals * * *.
Undoubtedly at common law, an unincorporated association of persons was not recognized as having any other character than a partnership in whatever was done, * * *. But the growth and necessities of these great labor organizations have brought affirmative legal recognition of their existence and usefulness and provisions for their protection, which their members have found necessary. * * * They have been given distinct and separate representation and the right to appear to represent union interests in statutory arbitrations, and before official labor boards.
*626 There can be no question in this day and age that laborers have the right to be represented by, and speak through, their unions in bringing matters to the attention of the Government officials if public works are not being conducted in compliance with the laws of Congress. We can find no merit in this contention.
The next issue is that the amounts as fixed by the Secretary of Labor to be the prevailing rates were not the correct prevailing wages in the vicinity and that, had a hearing been granted to the plaintiff, the prevailing wage could have been shown to be lower than that fixed by the Secretary. The law does not require the Secretary of Labor to grant a hearing. It simply places in his control the authority to determine what the prevailing wage is and provides that his decision shall be conclusive on all parties to the contract.
In a case similar to this, Alliance Construction Company v. The United States, 79 C. Cls. 730, it was held that the decision of the Secretary of Labor in fixing the prevailing wage was a determination of fact and, where the law provided that his decision was final and conclusive, the court had no jurisdiction without proof of fraud or that his action was so grossly erroneous as to amount to fraud.
There is no allegation of fraud in the instant case and the evidence is insufficient to support the charge that the Secretary of Labor acted arbitrarily or capriciously. On the contrary, the evidence shows that the Department of Labor, from the time the dispute was first brought to its attention until the decision of the Secretary of Labor, had a conciliator investigating the rate of wage prevailing in this civil division and endeavoring to bring about an adjustment of the matter, but without successful results.
The evidence does not support a charge of duress and a finding of fact that duress was not exerted is made.
Since this case was submitted, the Circuit Court of Appeals for the fourth circuit in the recent case of United States for Use of Wylie, et al. v. W. S. Barstow & Co., et al., 79 Fed. (2d) 496, has passed on the questions presented in the instant case. The same contractor, the same contract, and the same dispute were involved. In addition to the questions in the *627 instant case the court held that the determination of the .Secretary of Labor took effect from the time it was rendered -and not from the date fixed by the Secretary. We are in full accord with this opinion.
The petition is dismissed. It is so ordered.
Williams, Judge; Littleton, Judge; Geeen, Judge; and Booth, Chief Justice, concur.