Williams, Judge,
delivered the opinion of the court:
The defendant in this case admittedly delayed plaintiff 192 days in completing the work under the contract. The delay operated to increase the cost of the work by protracting the period of performance and by making it necessary for practically all the exterior work to be performed under severely adverse winter conditions, which would not have *677 •been encountered but for the delay. The question for decision is whether or not the plaintiff can recover his proven losses resulting from the delay.
Article 15 of the contract provides:
Disputes. — Except as otherwise specifically provided in this contract, all disputes concerning questions of fact arising under this contract shall be decided by the contracting officer or his duly authorized representative, subject to written appeal by the contractor within thirty days to the head of the department concerned, whose decision shall be final and conclusive upon the parties thereto as to such questions of fact. In the meantime the contractor shall diligently proceed with the work as directed.
Plaintiff did not present to the contracting officer for his decision during the progress of the work, at the time of its completion or afterwards, any of the claims for damages asserted in suit. The defendant contends that because of the failure of plaintiff to do this the court is without jurisdiction to consider his claims, and that he is precluded from recovery.
The rule of the law is well settled that it is competent •for parties to a contract like the one here involved, to contract that the decision of the contracting officer, or other officer, of all specified matters of dispute that may arise during the execution of the work, shall be final and conclusive, and that in the absence of fraud or mistake so gross as to necessarily imply bad faith, such decision will not be subjected to the revisory power of the courts, and that a contractor who fails to avail himself of his right to submit •such questions of fact to the contracting officer for decision will not be granted relief by the courts. The defendant has correctly stated the law on this subject in its brief. However, it has nowhere been held by this court, or the Supreme Court, that claims for damages resulting to a contractor because of delays on the part of the Government are of the character of disputes contemplated in Article 15 of the contract which are to be submitted to and decided by the contracting officer, or his duly authorized representative.
*678 This court has recently decided that precise question in Phoenix Bridge Co. v. United States, No. 42084, 85 C. Cls. 608. Article 15 of the contract in that case relating to disputes was quite similar to article 15 of the instant case. The Government in that case contended that as a prerequisite to suit, a claim for damages arising out of. delay on the part of the Government had to be presented to the contracting officer for decision. The court rejected this contention:
Counsel for defendant appear to contend that the court may not award plaintiff damages for delay caused by the defendant for the reason that plaintiff did not submit its claims for unliquidated damages to the contracting officer. But there was no provision in the contract requiring that this should be done as a condition to plaintiff’s right to sue, or as a condition to the exercise of jurisdiction over the claims by the court. Art. 15 of the contract related to disputes but makes no reference to the matter of submission of claims for damages for delays caused by the defendant. Art. 9 of the contract provided that plaintiff should notify the contracting officer of the delays and that such officer should ascertain the facts and extent of the delay but does not provide for the submission of damage claims for such delays. Paragraph 20 of the specifications related to the filing of protests. Art. 3 of the contract related to changes; Art. 4 concerned changed conditions, and Art. 5 related to extra work. None of these provisions required plaintiff to submit to the department its claims for the amount of damages for delays. In Clyde v. United States, 13 Wall. 35, 39, the court held that to require claimants to first submit their claims to the department was “establishing a jurisdictional requirement which Congress alone had the power to establish.”
This court has held in cases too numerous for citation here that where a contractor is delayed by the Government in the prosecution of work under a contract, he is entitled to recover as damages the expenses and costs incurred by reason of such delays. The Government is not relieved from liability by merely extending the contractor’s time for the completion of the contract. The costs and expenses to plaintiff by reason of the defendant’s delay of the completion of the *679 contract for 192 days is shown by the findings to be $12,-494.88. Plaintiff is entitled to recover and judgment will be entered in that amount.
It is so ordered.
Whaley, Judge; Littleton, Judge; Green, Judge; and Booth, Chief Justice, concur.