Booth, Chief Justice,
delivered the opinion of the court:
This case is similar to the case of Gillen Co. v. United States, 88 C. Cls. 347. The one issue involved is determinable as one of law from facts which do not admit of serious dispute. The defendant accepted plaintiff’s bid to furnish all the materials and labor necessary to construct Lock No. 4 in the Mississippi River at Alma, Wisconsin. The plaintiff is a Delaware corporation and possessed the equipment essential for the contract work.
*343 Specification. 2 (c) contained the provisions set forth in Finding 4. From this specification the contractor learned that the defendant did not own certain land “riverward of the railroad tracks” of the Chicago, Burlington & Quincy. Railroad. Notice was also given that the defendant had commenced condemnation proceedings against the railroad to take over the land and expected to complete its acquisition by December 1, 1932. .
Plaintiff was ordered to commence work on December 19, 1932, and complied therewith. On January 16, 1933, the plaintiff was officially ordered to cease all work under the contract that would constitute the violation of an injunction obtained by the. railroad against the defendant and the plaintiff, as narrated in Finding 10, and it was not until. Jammy 27, 1933, that plaintiff was enabled to resume per--formance of . the contract. work. This suit is. for the recovery of a judgment for losses sustained by plaintiff from January 16, 1933, to January 28, 1933.
. THcdefendant contests the right of plaintiff to a judgment-upon three grounds. It is argued that the facts in the record disclose, that plaintiff’s case-is predicated upon a delay caused, by the railroad company in-withdrawing from plaintiff the right to use its property which the company previously by oral agreement had. granted, an agreement which did not extend tó the use of 1.6 acres of company land.
The withdrawal of the oral agreement mentioned was not the vital factor in the transaction. Title to the 1.6 acres of railroad land by the defendant was essential, and the withdrawal by the railroad from the agreement with the plaintiff might have assumed importance had not the railroad at the same time enjoined .the defendant from entering upon or utilizing the 1.6 acres of its land. The 1.6 acres of land was a narrow strip extending for 2,300' feet along the river and directly adjacent to the lock, and its importance to the project is evidenced by the defendant’s court proceeding to condemn. Obviously it was not the duty or obligation of the plaintiff to obtain the land; the authority under the law to acquire it was vested in the defendant.
Defendant’s. second contention is that the defendant was under no obligation to furnish plaintiff access to land it did *344 not own, and therefore the time consumed in getting title to the 1.6 acres was not the proximate cause of the delay. . In other words, the acquisition of the 1.6 acres was not of vital importance to the plaintiff in performing work under the contract. The record disposes of this defense. The order for preliminary injunction we set forth at defendant’s request. Manifestly it forbade entering upon any lands of the railroad company and the lands involved ran parallel to the 2,800 feet of land or the 1.6 acres. It was impossible to reach the same without crossing the company’s tracks.
Irrespective of defendant’s title to other lands or the obligation of the plaintiff to obtain additional lands for storage and operative purposes, the injunction tied up the entire enterprise, suspended work for the time being, and rendered the plaintiff helpless to proceed in an orderly manner to complete the work. The officials in charge of the work do not traverse this holding.
We do not deem it necessary to discuss the disputed question as to whether ordinances of the city of Alma did as a matter of law confer upon the city the right to cross the railroad tracks at certain points of public streets running east and west from the river bank. It is extremely doubtful if any of the ordinances or the contended-for dedication plats accomplished this purpose. It is sufficient to say that no public crossing was available to the plaintiff at any point opposite the 1.6 acres within any reasonable distance of the site of the work.
The extent of the loss suffered by the plaintiff is not disputed. All the competent evidence in the record sustains the items of the claim. We think the plaintiff is entitled to a judgment for $10,171.60 under the rule established by the following cases: Phoenix Bridge Co. v. United States, 85 C. Cls. 603; Karno-Smith Co. v. United States, 84 C. Cls. 110; Samuel Plato v. United States, 86 C. Cls. 665; McCloshey case, 66 C. Cls. 105.
Judgment for plaintiff in the sum of $10,171.60. It is so ordered.
Whaley, Judge; Williams, Judge; Littleton, Judge; and Green, Judge, concur.