GkeeN, Judge,
delivered the opinion of the court:
The petition sets out thirty-one separate causes of action and defendant demurs severally to each thereof. Among, other things, the petition alleges in general that the plaintiffs entered into a contract with the defendant to construct a dam in accordance with specifications and supplemental-notices made part of the contract. The contract price was stated to be $29,339,301.50. On September 25, 1934, the plaintiffs received notice from the contracting officer of the defendant to proceed with the work provided in the contract. The contract provided that change orders might be made by the defendant. An “Order for Changes No. 1” which plaintiffs received from the contracting officer provided in part that instead of constructing the dam in accordance with the drawings and specifications attached to the contract, the contractor was directed to construct the dam and appurtenant works in accordance with revised designs as shown by attached general drawings. The “Order for Changes No. 1” provided for a structure vastly greater in magnitude and widely different in character and purpose from that provided by the original specifications.
The last paragraph of the “Order for Changes No. 1” provided that “compensation for the work involved as a result of this order shall be made in pursuance of the provisions of paragraph 24 of specifications No. 570 and (or) the provisions of Article 4 of the contract” and limited the time to submit claims for adjustment of compensation to sixty days from the date of the receipt of the order unless the contracting officer for proper cause shall extend such time. Subsequently, the plaintiffs received from the chief engineer a document entitled “Adjustment of Com *268 pensation” with whicli were enclosed typewritten sheets entitled “Specifications Attached and Made a Part of Order for Changes No. 1 in Contract Dated July 16, 1934.” The “Adjustment of Compensation” provided inter alia:
Your claim dated August 23, 1935, has been considered and you have been found to be entitled to the following adjustment of compensation.
Twenty-eight additional drawings were attached and a tabulation which set forth the prices to be paid for the new work. Some items under Specifications No. 570 were eliminated, some new items were added, and a large number of items were modified. The “Adjustment of Compensation” was signed by the chief engineer of defendant and had appended the following:
Chief Engineee,

Bureau of Reclamation, Denver, Colorado.

DeaR Sir: Adjustment of the amount of compensation due under the contract and/or in the time required for its performance by reason of the changes above ordered is satisfactory and is hereby accepted.
In December 1935 this was signed by the plaintiffs, the Atkinson-Kier Company, the Silas Mason Company, and the Walsh Construction Company, and in January next was approved by the Commissioner of the Bureau of Reclamation and the Acting Secretary of the Interior.
The petition further alleges:
While plaintiffs were pursuing the execution of the work as provided in the contract, the contracting officer, upon a multitude of times and occasions, willfully, arbitrarily, and coercively neglected and refused to recognize his obligations and to perform his duties; interfered with, delayed, and prevented plaintiffs’ performance of work as provided in the contract; required and refused payment for the performance of work not required by the contract; failed and refused to make payment to the plaintiffs in accordance with the provisions of the contract; and in many and various other ways and with utter disregard of the provisions of the contract and the rights of plaintiffs thereunder wrongfully and tyrannically imposed upon plaintiffs, by reason whereof plaintiffs were caused to suffer great loss and damage.
*269 Following these general allegations, as above stated, the petition sets out thirty-one separate causes of action, all with one exception based on a claim arising out of the contract and work performed in the construction of the dam. We do not think it is necessary to set out specifically each of these separate counts. The wording of any of these counts can easily be ascertained by referring to the petition.
The petition recites that copies of the contract, specifications No. 570, the supplemental notices, schedule and drawings are filed herewith and marked Exhibit “A.” Exhibit A is not included in the printed record and it may be questioned whether what is recited above conforms to Rule 12 of this court. We think, however, it is not necessary for us to pass on this question for the reason that both parties in their arguments quote freely from the contract, make reference to the specifications, and appear to be in entire accord as to what is contained therein so far as material to the decision of the demurrer. We think we are accordingly justified in treating these matters as a part of the petition for the purpose of submitting the demurrer.
Paragraph 14 of Specifications No. 570 and Article 15 of the contract are set out in the argument made for defendant. Paragraph 14 provides:
If the contractor considers any work demanded of him to be outside the requirements of the contract, or considers any record or ruling of the contracting officer or of the inspectors to be unfair, he shall immediately upon such work being demanded or such record or ruling being made, ask for written instructions or decision, * * * and, within ten (10) days after the date of receipt of the written instructions or decision, he shall file a written protest with the contracting officer, stating clearly and in detail the basis of his objections. Except for such protests or objections as are made of record in the manner herein specified and within the time limit stated, the records, rulings, instructions, or decisions of the contracting officer shall be final and conclusive.
Article 15 of the contract provides:
ART. 15. Disputes. — All labor issues arising under this contract which cannot be satisfactorily adjusted by *270 the contracting officer shall be submitted to the Board of Labor Review. Except as otherwise specifically provided in this contract, all other disputes concerning questions arising under this contract shall be decided by the contracting officer or his duly authorized representative, subject to written appeal by the contractor within 30 days to the head of the department concerned or his duly authorized representative, whose decision shall be final and conclusive upon the parties thereto as to such questions.
The defendant further in argument cites certain parts of specifications No. 570 with reference to the placing, curing, and protection of the concrete and the sand and other materials used in the making of the concrete; also that part of specifications No. 570 which relates to contraction joint sealing strips and the pipe for grouting contraction joints.. Other provisions of the specifications are also set out in defendant’s argument. As there is no controversy in relation to the wording thereof, these provisions will be treated as supplemental to plaintiffs’ petition in considering the defendant’s demurrer.
Each and all of the several counts and claims made in the petition are based upon the action of the contracting, officer and it is nowhere alleged in the petition that the plaintiffs filed any written protest against the instructions or decisions of the contracting officer, or made any written appeal therefrom to the head of the department concerned,, or did anything in the way of complying with the provisions, of the contract with reference to the decisions of the contracting officer.
It will be observed that under paragraph 14 of the specifications, if the contractor considers any work demanded of him to be outside of the requirements of the contract, or considers any record or ruling of the contracting officer unfair, he must immediately ask for written instructions or a decision and within ten days file a written protest stating in detail the basis of his objections, and that unless such protests or objections are made in the manner specified, within the time limit stated, the rulings, instructions, or decisions of the contracting officer shall be final and conclusive.
*271 Article 15 of the contract goes still further in requiring that all disputes arising under the contract shall be decided by the contracting officer or his representative, subject only to written appeal by the contractor to the head of the department concerned, whose decision shall be final and conclusive upon the parties thereto as to such questions.
Counsel for plaintiffs characterize these provisions as “vicious” and argue in effect that if applied literally they make the contracting officer, who is an agent of the Government, the final arbiter of practically every question which can arise in the course of the performance of the contract. It is said that the object of these provisions is “to increase departmental power over the contractor and to place the exercise of the power, however erroneous or arbitrary, beyond the power of the courts.” This last statement is too broad as it is universally held that if the contracting officer’s decision is so palpably erroneous, arbitrary, or negligent as to imply want of good faith it may be impeached and set aside. It is, however, contended on behalf of the plaintiffs that if these provisions are strictly enforced they make the contracting officer the judge of all cases in which a dispute arises and permit him instead of the courts to decide the validity of claims presented by the plaintiff in suits based upon a contract, thus taking away the jurisdiction of the courts and leaving nothing for them to decide. This, it is said, would deprive the plaintiffs of fundamental rights and remedies. The plaintiffs therefore insist that such provisions are invalid and unenforceable.
In support of the argument that the provisions in controversy are invalid, the plaintiffs cite a number of decisions of this court and some by the Supreme Court in contract suits where the plaintiff was permitted to recover' notwithstanding certain clauses in the contract, but an examination of these cases shows that in none of them was the same question which is now before the court involved and in each case the judgment was based on facts, not appearing in the case at bar.
Among the cases cited by plaintiffs is the Phoenix Bridge Co. v. United States, 85 C. Cls. 603. This was an action *272 on a contract under which the plaintiff claimed damages resulting from delay caused by the Government. The facts were quite different from those in the case at bar and the claim set up by the plaintiff was also different from any we find in the case before us. It was held by the court first, that “the contracting officer did not make an independent decision in the free exercise of his own judgment as was clearly contemplated by the contract,” and second, that there was no provision in the contract requiring the submission of a claim for delay to the contracting officer.
In Samuel Plato v. United States, 86 C. Cls. 665, the contract provided that “all disputes concerning questions of fact arising under this contract shall be decided by the contracting officer or his duly authorized representative” subject* to appeal. The plaintiff claimed damages because of delay alleged to have been caused by the Government and the court held that a claim for damages arising out of delay on the part of the Government was not such a dispute as was covered by the provision in the contract.
In Sobel v. United States, 88 C. Cls. 149, the question for determination by the court was again altogether different. The contracting officer was only given authority to decide questions of fact. The opinion does not even allude to any of the controverted principles of law involved in the case before us and it in no way tends to support the contentions of plaintiffs.
In Davis v. United States, 82 C. Cls. 834, it again appears that the only questions which the contracting officer was authorized by the contract to decide were questions of fact.
It is not necessary to say anything with reference to McShain v. United States, 88 C. Cls. 284, other than that it has been reversed by the Supreme Court, and the cases cited by the Supreme Court in support of its decision are contrary to the contention made by the plaintiffs as will be shown further on in this opinion.
While there are some expressions in the decisions cited by plaintiffs that taken by themselves and alone might tend to support their contentions, the weight of authority is decidedly to the contrary as will be seen from a considera *273 tion of some of the leading cases cited on bebalf of defendant.
Bray v. United States, 46 C. Cls. 132, 138, was a case in which the decision of the engineer officer was by the contract made final and conclusive upon all matters relating to the work and upon all questions arising out of the specifications, and from his decision no appeal was permitted. There was a dispute over the concrete masonry and the manner of laying it. The contractor protested to the inspector and the local engineer against the way it was required to lay it but made no protest and took no appeal to the engineer officer. The court held that plaintiff could not recover.
Fitzgibbon v. United States, 52 C. Cls. 164, 169, went further than the case above cited. The contract authorized the defendant to have an officer in charge of the work and provided that all questions, disputes, or differences as to any part or detail thereof should be decided by such officer, and if such decision should not be acceptable to the contractor the final decision should be made by the Chief of the Bureau of Yards and Docks. The action was begun to recover payment for extra work directed to be performed under the contract and claimed] not to be included therein, but it was not alleged that the plaintiff protested against being required to perform this work or ever asked for the decision of the Chief of the Bureau of Yards and Docks as provided by the contract. The petition did, however, aver that the decision of the officer in charge of the particular work therein mentioned was so grossly erroneous as to necessarily imply bad faith. It was held that this allegation does not relieve the plaintiff from the contract obligation of submitting the matter to the Chief of the Bureau of Yards and Docks, that the contractor was under obligation to exhaust his remedy provided in the contract before appealing to the courts for relief, and that when the parties to a contract agree that the decision of an officer shall be final, the court will not set aside such decision, unless the decision is fraudulent or so grossly erroneous that fraud is implied.
Lustbader Construction Co. v. United States, 62 C. Cls. 549, followed the case last cited above and held that where *274 the plaintiff failed to submit its claim in accordance with the provisions of the contract, having failed to pursue the remedy provided for in the contract, it was estopped from asking relief.
In Kohlman v. United States, 63 C. Cls. 604, 612, the contractor agreed to accept the findings and actions of the Bureau of Yards and Docks as conclusive and binding. Plaintiff did not observe the terms and conditions of this provision but the Government considered his claim. It was held that the decision of the Bureau of Yards and Docks was conclusive and that plaintiff could not recover.
In Alliance Construction Co. v. United States, 79 C. Cls. 730, 734, the contract contained a provision that all disputes concerning questions of fact should be decided by the contracting officer, subject to written appeal by the contractor within 30 days to the head of the department concerned whose decision should be final' and conclusive upon the parties as to such questions of fact. The contractor did not proceed in accordance with this article and it was held that the court was without jurisdiction to consider the action.
Plumley v. United States, 226 U. S. 545, is referred to by the Supreme Court as one of the cases upon which the reversal of McShain v. United States, supra, is based. It was held therein that where a contract for government work provides that in case of discrepancies between the specifications and the contract the matter shall be referred to the Secretary of the Department making the contract and the contractor agrees to abide by the decision made thereon, the construction given by the Secretary and his decision are final and conclusive.
There is an allegation in the petition that the contracting officer, upon a multitude of occasions, willfully, arbitrarily, and coercively neglected to perform his duties; interfered with, delayed, and prevented plaintiff’s performance of work as required in the contract; refused payment for performance of work not required by the contract; and failed to make payment to the plaintiffs in accordance with the provisions of the contract. But this allegation is only general. *275 It is not specific and not definite as to which, if any, of the various causes of action set up by plaintiffs it applies. We therefore think it can not be considered in passing upon the demurrer.
In some of the counts it is alleged that the action of the contracting officer was willful, but the word “willful” has different meanings. An examination of the petition by separate counts shows that it is nowhere alleged specifically with reference to the cause of action set up therein that the action or decision of the contracting officer was the result of mistake or fraud so gross as to necessarily imply bad faith.
The twelfth count of the petition shows that the Government agreed to construct a railroad for use in transporting construction materials to the dam site and turn it over to the plaintiffs, and it is alleged that the contracting officer negligently delayed the construction and delivery of the railroad, resulting in damage to the plaintiffs in the sum of $59,889.66, the payment of which has been refused by the contracting officer. An examination of the provision with reference to the railroad shows that the Government did not agree to complete the railroad and turn it over to the contractor at any specified timé. Moreover, the matter constituted a dispute arising under the contract, and the contractor took no appeal from the decision made by the contracting officer.
The contract is a harsh one but its language is perfectly plain and we can not reform it.
An argument is also presented by the plaintiffs based on the theory that the language of the contract with reference to the effect of the decision of the contracting officer provides for a proceeding in arbitration. We think this is manifestly erroneous. The powers and duties of the contracting officer under the contract are very different from those of an arbitrator. An arbitrator’s proceedings and duties are judicial, or at least semijudicial in their nature. The duties of the contracting officer are purely ministerial and involve no judicial functions. The cases cited above show that provisions similar to those contained in the contract have often been applied by this court and the Supreme *276 Court without treating them as providing for an arbitration. The decisions cited by plaintiffs with reference to the rule in arbitration cases have therefore no application.
Our conclusion is that the provisions of the contract are valid and enforceable but it is not necessary to so rule in order to sustain the demurrer, as the plaintiffs did not exhaust their remedies under the contract when a decision was rendered against them.
The demurrer must be sustained and the petition dismissed. It is so ordered.
Williams, Judge; LmnnroN, Judge; and Whaley, Chief Justice, concur.
Whitaker, Judge, took no part in the decision of this case.