MaddeN, Judge.,
dissenting:
I do not agree with the opinion of the majority.
The contracting officer here concluded, because the new levee in adjacent locations had subsided, that additional support should be given to the levee to be built by plaintiff. He thereupon advised plaintiff some days before October 18, 1932, that the false berm to be erected between the levee and the river was to be enlarged beyond its dimensions as they were stated in the specifications. Plaintiff protested doing this work, saying that it was not necessary; that earth to form the additional berm was not within reach and that additional equipment would be required; that the price per yard of earth moved should be more than 14.43 cents per cubic yard provided in the contract. The contracting officer, however, on October 18, 1932, issued his order in writing that the additional work be done, and at the price per yard specified in the contract.
Here we have the situation contemplated in Article 3 of the contract (see finding 6). The contracting officer made a written change order and specified the price which plaintiff should receive for doing the additional work. The change had already been discussed orally and plaintiff had made clear its position that it considered the price too low. That protest was in the mind of the contracting officer when he set the price. Plaintiff made no claim for adjustment *334 within ten days after the written change order was made,, as Article 3 required, but that is probably immaterial, as the matter had been orally discussed before the written change order was issued, and the contracting officer was aware of plaintiffs position. Both plaintiff’s claim for adjustment and the contracting officer’s adjustment therefore preceded the written order, but as indicated above, I think that i's probably immaterial and I would not rest the decision upon the fact that plaintiff presented no further claim to the contracting officer within ten days after receiving the change order as provided in Article 3 of the contract.
Article 3 further provides that after these steps have been taken “if the parties cannot agree upon the adjustment, the dispute shall be determined as provided in Article 15 hereof.” And Article 15 is as follows:
Aeticle 15. Disputes. — Except as otherwise specifically provided in this contract, all disputes concerning questions of fact arising under this contract shall be decided by the contracting officer or his duly authorized representative, subject to written appeal by the contractor within thirty days to the head of the department concerned, whose decision shall be final and conclusive upon the parties thereto -sis to such questions of fact. In the meantime the contractor shall proceed diligently with the work as directed.
Plaintiff did not appeal to the head of the department as the contract required. In plaintiff’s reply brief it argues that this failure was a “pure technicality” which should not defeat its claim.
I do not think that plaintiff can transfer its claim from the forum in which it expressly agreed that such dispute should be decided to this court, merely by neglecting or refusing to present its claim in the agreed forum. Silas Mason Co. v. United States, 90 C. Cls. 266; Fitzgibbon v. United States, 52 C. Cls. 164; Jacob Schlesinger, Inc. v. United States, 94 C. Cls. 289. If it had exhausted its remedy there, and this court were of the opinion that the treatment there accorded it was “fraudulent” or “so grossly erroneous as to imply bad faith” (Sweeney v. United States, 109 U. S. 618, 620; Silas Mason Co. v. United States, supra, at 275; G. F. *335 Pawling Co. v. United States, 60 C. Cls. 699, 712), relief would be available here. But where the agreed remedy has not even been pursued, there can be no assumption that relief would not have been obtained, if sought.
We do not have here a situation like that in Smith v. United States, 256 U. S. 11. There the conduct of the contracting officer, whose decision was, according to the contract, to be final, was described by the Supreme Court as “repellant of appeal or of any alternative but submission with its consequences.” There the engineer officer required the contractor to excavate for 18 cents a yard material like that for which $2.24 a yard was paid under another contract. Here there is no showing of arbitrary or threatening conduct on the part of the contracting officer, and the final authority, the head of the department, was not appealed to at all. Here the contracting officer’s decision as to the price was near enough to being right so that the plaintiff’s' subcontractor was willing to agree to do the work for that price, if it turned out to be all that plaintiff received from the Government.
One basis for the opinion of the majority, and the sole basis for the concurring opinion, is the conclusion that plaintiff was not obliged to appeal its disagreement with the contracting officer to the head of the department because that dispute concerned a question of law rather than a question of fact. I do not understand why the question whether fair compensation for moving earth from one place to another is 14.43 cents per yard, or some other number of cents, is a question of law. It would be a question for the jury in any suit where trial by jury was had. The language of the Supreme Court of the United States in Case v. Los Angeles Lumber Company, 308 U. S. 106, is relied upon in the majority and concurring opinions. By the terms of Section 77B of the Bankruptcy Act, 48 Stat. 911, 912, the question of what constituted a “fair and equitable plan” was to be decided by the court and not by various percentages of the security holders, and the Supreme Court so held. That opinion seems to me to use the phrase “question of law” merely as a short hand expression, meaning, as the court held, *336 that the question was one for the court under the statute. The Case decision does not therefore seem to me to be helpful in our case.
For the reason that plaintiff did not pursue the remedy which, in the contract, it agreed to pursue and abide by, I would dismiss its petition.
Jokes, Judge, concurs in this opinion.