Madden, Judge,
dissenting in part.
I am unable to agree with the disposition which the Court has made of items 2,3,4, 5, and 6 of plaintiff’s claim. These items appear in Finding 13 and relate to the requirement that outside scaffolding be used, to unfair conduct of the defendant’s Superintendent and Inspector, to increased wages paid to reenforcing steel rodmen and carpenters, and to increased costs and wages resulting from rulings made with reference to’ the stone workers and terrazo grinders.
In each of these situations a serious dispute arose between plaintiff and the defendant’s agent on the job. Plaintiff, instead of submitting the disputes to the Contracting Officer and insisting upon a ruling which he could appeal to the Head of the Department, as he had a right to do under Article 15 of the contract, either acquiesced in the Superintendent’s ruling, or took the matter up informally with the Contracting Officer and acquiesced in his statement that he could not give plaintiff any relief.
I think the Government has the right to contract, if the contractor is willing, that the Government shall not be subjected to damage suits for disagreements between its inferior agents and the contractor, without giving the Head of the Department an opportunity to right the alleged wrong before it has grown into a big' claim against the public funds. And the fact that the inferior agent on the job does not act in good faith does not make it less necessary that his superiors, who presumably would deal fairly with the contractor, should have an opportunity to pass upon the dispute. Fitzgibbons v. U. S., 52 C. Cls. 164. See also Silas Mason v. U. S., 90 C. Cls. 266.
If a contractor concludes, as plaintiff apparently did, that he can get along better, on the whole, by pursuing a policy of appeasement of the Superintendent on the job, than by asserting and insisting upon his rights, he should not expect the Government to pay him the cost of the policy which he elected to follow.