Booth, J.,
delivered the opinion of the court:
This case in some respects has had a checkered career. It has been under consideration by the court for some time, and because of its peculiar complications and close relation to the McLaughlin case has involved an extended and detailed examination into the records of both cases. This has been tedious. The case is now before us upon the defendants’ motion to amend the findings. No objection is raised as to the amount of the judgment of the court. This is the first motion of the defendants to amend findings, and extends to nearly all the findings previously filed.
Strenuous objection was interposed by claimant to consideration of the present motion, but the court is of the opinion that until the granting of an appeal the court retains jurisdiction over its findings and can entertain motions from either side to amend the same. In addition to this, section *202 1088 of the Bevised Statutes is exceedingly broad in reference to rehearings, and grants a much wider latitude than is usually granted to litigants in the prosecution or defense of suits before a court. While the motion in this case recites upon its face that it is a motion to amend findings, the court has always treated such motions as motions for a new trial, and may come under section 1088, sufra.
The motion in this case was filed in apt time preceding the application for an appeal by claimant, and was argued in the usual course of procedure and submitted as other motions are submitted under the rules of this court. We do not mean to say that innumerable motions may be filed by any single side to the litigation, but if in the wisdom of the court a sufficient showing is made in a motion, so filed the court will entertain the same if a previous motion of the same character from the same side has not been heard. This is not in conflict with the rules of the Supreme Court, and has been the practice of this court for all time.
The principal controversy herein goes to Finding III, Memorandum No. 1. In the previous findings and opinion of this court it was then its judgment that Memorandum No. 1 did not include the ventilation system and was not an authorized change under the terms of the McLaughlin contract. After going over the records in both cases again, and after a most careful comparison and examination of the plans and specifications, especially plan No. 79, construed in conjunction with the summary of changes, the .court modifies its findings and opinion heretofore filed. Plan No. 79 was in the hands of claimant previous to his bid, and when taken in connection with the summary of changes submitted to McLaughlin & Co. at the time of the submission of the plan of ventilation, it confirms defendants’ contention that the ventilation system was included in Memorandum No. 1. The court’s first impression was that Memorandum No. 1 was limited to the changes made in the distances between the clock room and the east-and-west transit circle room, overlooking the summary of changes wherein these identical changes are expressly provided for.
The additional modifications go to some minor details and are not numerous or important enough to warrant further *203 discussion. The amendments made do not in anywise affect the conclusion of the court as formerly expressed, and with the exception of the ventilation system leave undisturbed the former opinion and judgment of the court.
The Alvord case (8 C. Cls., 364) was cited for the purpose of reference to a line of authorities sustaining the general doctrine that “ no one is permitted to keep silent- when he should speak, and thereby mislead another to his injury.” As to this well-established rule no extended comment is necessary. The case was not otherwise apropos and its citation not otherwise intended.
The court can not do otherwise than regret the necessity for this additional change in the findings and former opinion. It has involved much delay and labor. Justice is exacting, its attainment the paramount object, and in its interest courts must yield when convinced of error.
The defendants’ motion to amend findings is allowed in part and overruled in part.
The former findings are withdrawn, and judgment set aside and new findings filed, which, together with the former opinion as modified by this opinion, will constitute the conclusions of the court. Judgment awarded the claimant in the sum of $502.50.
In all other respects the petition is dismissed.