## PLUMLEY v. UNITED STATES.

## UNITED STATES v. PLUMLEY.

APPEALS FROM. THE COURT OF CLAIMS.

Nos. 35, 36.   Argued December 9, 1912.—Decided January 6, 1913.

Where a contract for Government work provides that in case of discrepancies between the specifications and the contract, the matter shall be referred to the Secretary of the Department making the contract, and the contractor agrees to abide by his decision in the premises, the construction given by the Secretary and his decision is final and conclusive.

Where a contract for Government work provides that in every instance changes must be made by a prescribed method and approved by the Secretary, the contractor cannot recover for extras not ordered in the manner prescribed; and this rule holds even in a hard case where, as in this instance, the work was extra and of value.

Where the contractor fails to notify the Secretary of the cause of delay on the part of the Government in the manner prescribed by the contract and thus enable the Secretary to remove the cause of delay, the contractor cannot recover for the delay caused.

43 Ct. Cl. 266, reversed in part.

THE facts, which involve the construction of a contract for government work, are stated in the opinion.

*Mr. George A. King*, with whom *Mr. William B. King* was on the brief, for appellant in No. 35, and appellee in No. 36.

*Mr. William W. Scott*, with whom *Mr. Assistant Attorney General John Q. Thompson* was on the brief, for the United States.

MR. JUSTICE LAMAR delivered the opinion of the court.

In October, 1888, P. H. McLaughlin & Company contracted to build the Naval Observatory in Washington

for $307,811. After most of the work had been done the contract was forfeited for failure to make satisfactory progress. 37 Ct. Cl. 150. The Government advertised for bids to complete the work. After examining the contract and documents Plumley agreed to complete the building in accordance with the McLaughlin contract, and "duly authorized changes" by June 1st, 1892, for the sum of $25,840. Having finished the work, he sued the Government for damages by delay and for extra work amounting to $12,813. The court rendered judgment in his favor for $502 insurance paid during the period he was delayed in finishing the work. All of the other items were disallowed. Both parties appealed. 43 Ct. Cl. 266 and see 45 Ct. Cl. 185.

1. The largest item is a claim for extra compensation for installing a ventilator system, which McLaughlin agreed to do for a given sum. The proposed change and this offer were submitted by the architect to the Bureau of Equipment with the statement that if approved McLaughlin would enter into a formal written contract to do the work for the prices named. The plans and bid were approved. McLaughlin was directed to proceed, and did some work thereon. Later his contract was forfeited. Plumley (and his partner, Davis, a former member of McLaughlin & Company) knew these facts at the time the bid was made to complete the work, but when required to build the ventilating system Plumley insisted that it was not within McLaughlin's original contract and not a "duly authorized change" because no written contract had been signed by both parties, as required by the terms of the contract. This contention was rejected by the architect and, on appeal, by the Secretary of the Navy. The Court of Claims at first sustained this position but on a rehearing held that Plumley was estopped from claiming that the change had not been duly authorized and, under his contract to complete the work, was bound to finish

what McLaughlin had begun. Beyond this the contract provided that if there was any discrepancy between plans and specifications or between the contract of McLaughlin and the contract of Plumley the matter should be referred to the Secretary, Plumley agreeing "to abide by his decision in the premises." The Secretary decided against him and under the circumstances his construction is binding on the contractor.

2. This same provision prevents a recovery for the drain pipe included in the original contract. For some reason, not stated, it appears that McLaughlin was requested to make a bid for laying drain pipe. It was accepted and then countermanded. Plumley was likewise requested to make a bid, which was accepted and then countermanded. When required to lay the pipe he demanded extra compensation, but his appeal was overruled by the Secretary, possibly for the reason suggested in argument, that asking a bid did not relieve Plumley from the obligation to furnish labor and material actually included in the contract. What facts were submitted to the Secretary, is not in this record, but his ruling is conclusive, in view of Plumley's agreement to abide by his decision.

3. The other items for extra work were properly disallowed. The contract provided that changes increasing or diminishing the cost must be agreed on in writing by the contractor and the architect, with a statement of the price of the substituted material and work. Additional precautions were required if the cost exceeded $500. In every instance it was necessary that the change should be approved by the Secretary. There was a total failure to comply with these provisions, and though it may be a hard case, since the court found that the work was in fact extra and of considerable value, yet Plumley cannot recover for that which, though extra, was not ordered by the officer and in the manner required by the contract.

Rev. Stat., § 3744; *Hawkins* v. *United States*, 96 U. S. 689; *Ripley* v. *United States*, 223 U. S. 695; *United States* v. *McMullen*, 222 U. S. 460.

4. The Government appeals from so much of the judgment as gave Plumley a judgment for damages caused by delay. The court found that Plumley was delayed by the failure to have the architect on hand promptly for decision pertaining to the work, while it also found that the Secretary extended the time for the reason that Plumley's failure to finish was on account of circumstances beyond the contractor's control. But Plumley at the time of the occurrence of the delay did not notify the Secretary of the facts nor of the extent to which the work would be delayed. The contract required that such notice should be given to the Secretary when the delay occurred, evidently for the purpose of informing the Department and enabling it, at the time, to remove the cause of the delay. It operated to prevent claims for damage and for failure to comply with this requirement of the contract (*United States* v. *Gleason*, 175 U. S. 588); the plaintiff is not entitled to recover. The judgment in that respect must be reversed, and is, otherwise,

· *Affirmed.*