Downey, Judge,
reviewing the facts found to be established, delivered the opinion of the court:
This action is predicated upon certain contracts between the plaintiff and the Isthmian Canal Commission for the delivery at Colon of enumerated items of machinery and appliances. The contracts are made a part of the findings, the material facts with reference to the transactions thereunder are also included therein, and the questions for determination are such that it is not deemed necessary to indulge in repetition herein.
The plaintiff seeks recovery upon three items: First, for the sum of $1,051.43 on account of alleged additional expense incurred by reason of governmental requirements as to changes and additions in the construction of the work, alleged not to be within the contract. Second, for $810.66 as interest on account of excessive delays in payment. Third, for $4,175.09 deducted by way of liquidated damages.
The claim for interest is eliminated from consideration not only because plainly untenable, but because of its abandonment by plaintiff’s counsel in the presentation of his case.
With reference to the claim first mentioned it is material to note as shown in the findings that after completion of the *36 work and upon payment to the plaintiff of a sum of money therein stated a release was executed by the, plaintiff in form as follows:
“ In pursuance of the terms of Article IY of contract (W. O. 29725) dated December 2, 1911, and supplemental contracts dated April 3, 1912 (W. O. 29725-A and W. O. 29725-B), respectively, by and between the Isthmian Canal Commission and the Pelton Water Wheel Co., in consideration of the sum of $9,007.36, the receipt of which is hereby acknowledged as full and final payment for all material furnished under said contracts, the United States is hereby released from any and all claims on account of the contracts except the sum of $4,175.09, deducted as liquidated damages.”
We think it quite clear that the execution of this release bars the plaintiff from the presentation to this court of any claim arising out of or on account of these contracts except the one as to which there was a specific reservation. United States v. Wm. Cramp & Sons Co., 206 U. S., 118. So far as the intent of the parties at the time of the execution of this release is for consideration it seems quite apparent that they must have had in contemplation as stated in the release itself all claims except that of liquidated damages deducted, and the construction to be put upon the language used makes peculiarly appropriate the doctrine of the old maxim in-clusio unius est exclusio alterius.
So far as the claim for the recovery of the amount deducted as liquidated damages is concerned, the averment of the petition is that such deduction was “ without authority or justification,” in connection with which it is alleged that no damages were suffered by the United States by reason of the delay; but in plaintiff’s brief there is apparent an attempt to present also the objection that the provision of the contract with reference to liquidated damages did not. constitute a valid* liquidated-damage clause, and that under the contract, and the facts with reference to its performance, the deduction of the amount named was the imposition of a penalty.
We are unable to see that there is any question presented by. the record of this case with reference to the deduction of *37 liquidated damages which has not been thoroughly settled by the decisions of the courts, and, as to some features, by a multiplicity of decisions. The preliminary notice to bidders as well as the subsequent provisions of the contract gave notice that time would be considered as of the essence of the contract; the bidders were requested to state in their bids, and this plaintiff did state, the time within which delivery would be made — a matter no doubt given consideration in •the awarding of the contract; the provision as to the amount of liquidated damages was not only reasonable but was upon an equitable basis; it is not shown that the United States suffered no damage by reason of the delay; and, in fact, whether the United States did or did not suffer actual damage is not for investigation; the right to determine the cause and extent of delay was vested in the chief engineer of the commission, whose decision the parties agreed would be final; the chief engineer gave careful consideration to the question as to the relative responsibility of the parties for delays, made liberal allowances to the plaintiff, determined in writing the number of days of delay for which the plaintiff was responsible, from which the amount to be deducted as liquidated damages was determined on the basis provided for in the contract, and there was no bad faith upon the part of the chief engineer or any of his subordinates, or any such gross error as requires that bad faith must be inferred therefrom. We do not deem it necessary to discuss in detail these various features of the case nor to cite separately as to each or quote from the applicable decisions of the courts. They leave no room for doubt that the conclusion upon all of these questions must be against the plaintiff.
A large number of authorities bearing on these questions are collected and cited in the opinion of this court in the case of Brinck, Receiver, v. United States, 53 C. Cls., 170, to which reference is made, in addition to which may be cited the well-known cases of Sun Printing & Publishing Association v. Moore, 183 U. S., 642; United States v. Bethlehem Steel Co., 205 U. S., 105; Plumley v. United States, 226 U. S., 545; and the more recent case appealed from this court and affirmed by the Supreme Court of Wise, Trustee, v. United States, 249 U. S., 361.
*38 Our conclusion is against any right of recovery on the part of the plaintiff, and it is ordered that the petition be dismissed.
Grai-iam, Judge, Hat, Judge, Booth, Judge, and Campbell, OMef Justice, concur.