MEMORANDUM
As to the first item of plaintiff’s claim, it is clear that he is éntitled to a reformation of the contract to make it conform to his bid as to the place of delivery and is entitled to recover the amount claimed for the delivery otherwise of 200 caskets.
The second and third items of plaintiff’s claim are the outgrowth of a requirement as to the countersinking and reinforcing of handles on shipping cases, abandoned after *654 100 cases had been so treated, and while the transaction indicates a hardship on plaintiff we find no remedy. This requirement is to be treated as a change in the specifications required by the contract to be directed by the contracting officer in writing. Plaintiff’s proper course was to insist that he be so directed before performing. He was paid for those that he so equipped and he is without any valid contractual obligation on the part of the Government under which he can be compensated for damages sustained by reason of the abandonment of the plan. (Plumley's case, 226 U. S. 545.)
The last item of the claim is stated as an “enforced reduction in price of caskets” and is predicated upon the facts set up in Finding YI. The reduced prices were provided for in a duly executed contract. There was in legal contemplation no duress upon which relief could be predicated. • It is open to the assumption that the reduced prices were agreed to in consideration of extensions of time to be granted when found necessary. However that may be, the contract is conclusive.
The original contract herein should be and it is reformed in respect to the place of delivery so as to make it conform to plaintiff’s bid in that respect and plaintiff is entitled to recover for the delivery of 200 caskets otherwise than as provided in the contract as so reformed the sum of $600; otherwise plaintiff is not entitled to recover.