Whaley, Judge,
delivered the opinion of the court:
This case involves a building or construction contract duly executed on the 11th day of July 1927 by the plaintiff and the authorized agent of the defendant. Work was to commence 15 days after notice of the acceptance of plaintiff’s bid and to be completed within 210 calendar days from the date of the notice. The plaintiff received written notice on May 14,1927, and commenced work on May 29, 1927. The plaintiff was required to furnish and did furnish a bond of a surety company for the faithful performance of the contract in the sum of $21,875.50. The contract, and specifications attached thereto and forming a part thereof, provide in almost minute detail how the work is to be performed, and among the many provisions is the method or manner in which the plaintiff is to be paid. It provides as follows:
“Article 16. Payments to contractors. — (a) Unless otherwise provided in the specifications, partial payments will be made as the work progresses at the end of each calendar month, or as soon thereafter as practicable, on estimates made and approved by the contracting officer. In preparing estimates the material delivered on the site and preparatory work done may be taken into consideration.
“(£>) In making such partial payments there shall be retained 10 percent on the estimated amount until final completion and acceptance of all work covered by the contract: Provided, however, That the contracting officer, at any time after 50 percent of the work has been completed, if he finds that satisfactory progress is being made, may make any of the remaining partial payments in full: And provided further, That on completion and acceptance of each separate building * * * payment may be made in full, including retained percentages thereon, less authorized deductions.”
The building was to be completed on December 24, 1927. The initial contract price to be paid by the defendant was $43,751.00, but in September 1927 the constructing quartermaster issued Change Order “A” increasing the contract price by $1,224.00 covering certain changes.
*542 The plaintiff proceeded in the execution of the contract and there arose from time to time questions between the parties as to what was within or outside the terms of the contract. These questions are of minor importance as we view this case, and will be referred to later on in this opinion.
At the end of each month during the progress of the work the defendant paid to the plaintiff partial payments of 90 percent on the estimated amount of work performed and material furnished, and the defendant retained 10 percent. These partial payments continued to and included the month of November, at which time approximately 64 percent of the contract had been completed and paid for, less the percentage retained by defendant. At the end of the month of December 1927 the plaintiff requested partial payment for the work performed for that month. At the time of the request the plaintiff was seven days in default of the completion date of the contract. The defendant could have taken over the contract but did not elect to do so. The defendant refused payment on the ground that the plaintiff’s default in the completion of the contract by December 24,1927, was, under the terms of the contract, occasioning liquidated damages against the plaintiff in the sum of $20 a day and that in order to protect the Government for this daily increasing damage no payment would be made. At the time of this refusal by the defendant to make the December partial payment, at least 90 percent of the contract had been performed, the defendant had in its possession the retained percentage of 10 percent on the previous payments and the surety bond executed for its protection. After several demands and upon the defendant’s continued refusal to make the monthly partial payment, the plaintiff refused to go on with the contract and abandoned the work on January 11, 1928, and left upon the premises certain materials and equipment.
From the inception of the contract the plaintiff had a right to assume that he would be paid according to its terms and the failure and refusal of the defendant to make the payment for the work performed and the material furnished during the month of December justified the plaintiff in refusing to proceed on January 11,1928.
*543 “ Whatever might have been his faults up to that time, the Government having permitted him to proceed, having accepted the performance of the contract during the month of September, and having received the benefit of his labor during that period, it was not in its power to withhold the pay in order that it might be secured against the consequence of a probable or possible failure.” Pigeon v. United States, 27 C.Cls. 167, 175.
The failure and refusal of the Government to make the payment for the work performed and the materials furnished during the month of December was a breach of the contract on the part of the defendant. It is true the plaintiff could have advanced the money and completed the contract. Then again its financial condition may have been such that without these payments it could not proceed with the work. The contract called for the monthly payments and it was just as obligatory upon the defendant to perform its obligations under the contract as it was for the plaintiff to perform its contractual obligations. It was a duty imposed upon the defendant which the plaintiff had a right to enforce. This rule is laid down in the Pigeon ease, supra, in which is cited the case of Canal Co. v. Gordon, 6 Wall. 561, which in substance the Supreme Court holds, as stated in the syllabus:
“In a contract to make and complete a structure, with agreements for monthly payments, a failure to make a payment at the time specified is a breach which justifies the abandonment of the work, and entitles the contractor to recover reasonable compensation for the work actually performed. And this, notwithstanding a clause in the contract providing for the rate of interest which the deferred payment shall bear in case of failure.”
In a breach of contract case the measure of damages is the amount of loss which has been sustained by the injured party. In this case the defendant prevented the plaintiff from performance when it was willing to perform and the rule is in such a breach that the plaintiff is entitled to recover the amount already expended toward performance, together with the value of the material on hand which subsequently entered into the completion of the building *544 and profits, if proved, that would have been realized by performing the whole contract. United States v. Behan, 110 U.S. 338, 345; Houston Construction Co. v. United States, 38 C.Cls. 724.
It is undenied that 90 percent of the contract was performed when the defendant defaulted in the December payment. The plaintiff is therefore entitled to recover that percentage of the contract price together with the cost of the extra work occasioned by the change order. The plaintiff would also be entitled to anticipated profits but there is no satisfactory evidence that any profit would have been realized. Profits cannot be estimated. The burden of proof is on the plaintiff to establish that profits would be realized at the completion of the contract and without such proof they become speculative and remote and for which there can be no recovery. Broadbent Portable Laundry Corporation v. United States, 56 C.Cls. 128, 132.
The defendant in completing the building used the materials the plaintiff had on hand when it abandoned the building and for which it had not been paid. The plaintiff is entitled to recover the value of this material which had been converted to its use by the defendant.
The plaintiff also left its plant at the site of the work and it was used by the defendant in the completion of the building. There is no proof of the reasonable rental value of the plant and therefore no recovery can be had for its use. However, after the building had been completed the plaintiff demanded the possession and delivery of the plant and this was refused by the defendant and the record discloses the plant is still in the possession of the defendant. The plaintiff is entitled to recover the reasonable market value of the plant. Kennedy v. United States, 24 C.Cls. 122, 143; Guerini Stone Company v. Carlin, 248 U.S. 334.
There only remain certain questions which arose during the progress of the work such as changes made, extra work performed, and liquidated damages for noncompletion of the contract within the time named in the contract. It is only necessary to say that in no instance did the plaintiff comply with the terms of the contract in securing a written *545 order for the changes or extra work as provided in the contract, and therefore no recovery can be had on these items. Phumley v. United States, 226 U.S. 545, 547; Lovell v. United States, 61 C.Cls. 756, 762; Kilmer v. United States, 48 C.Cls. 180; Morgan v. United States, 59 C.Cls. 650; Union Insulating & Construction Co. v. United States, 59 C.Cls. 582, affirmed. 271 U.S. 121.
There is one exception (finding YII) for which recovery can be had. The defendant admits the extra footings were ordered by it, and that the work was necessary, was not included in the specifications, and was performed by the plaintiff satisfactorily. The defendant, having received the benefit of this necessary work, should pay for it. The plaintiff is entitled to recover for this item. Venable Construction Co. v. United States, 114 Fed. 703. The defendant, having breached the contract, cannot recover under any of the provisions of the contract so the item of liquidated damages disappears from consideration.
Judgment will be entered for the plaintiff in the sum of $12,929.04. It is so ordered.
Williams, Judge; Littletost, Judge; GeeeN, Judge; and Booth:, Ohief Justice, concur.