**YUHASZ et al. v. UNITED STATES.**
No. 6954.

Circuit Court of Appeals, Seventh Circuit.
Feb. 7, 1940.

Luther M. Swygert, of Hammond, Ind., and James R. Fleming and Alexander M. Campbell, both of Fort Wayne, Ind. (J. H. Reddy and Tom De Wolfe, both of Washington, D. C., of counsel), for appellant.

Oliver M. Loomis and Norman J. Hartzer, both of South Bend, Ind., and John W. Morland, of Valparaiso, Ind. (George M. Weichelt, of Chicago, Ill., of counsel), for appellees.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

This action was brought under the Tucker Act, 28 U.S.C.A. § 41 (20), to recover for goods furnished and services rendered under a contract made by plaintiffs (an Indiana partnership) with defendant for the erection of a dwelling, boat house, and a launch way, for the United States Coast Guard at Port Orford, Oregon. Generally described, the plaintiffs' claim is based on extra work and materials furnished upon the direction of one Fourchy, the civil engineer of the United States in charge, and for added costs due to defendant's inexcusably delaying the work.

EVANS, Circuit Judge.

Defendant denies liability on the ground that Fourchy was without authority to modify the plans and thereby increase the costs of construction; that if any changes involving additional cost either of material or labor were made, they were unauthorized.

The contract was in writing. Articles 3 and 5 read as follows:

"Article 3. Changes.—The contracting officer may at any time, by a written order, and without notice to the sureties, make changes in the drawings and (or) specifications of this contract and within the general scope thereof. If such changes cause an increase or decrease in the amount due under this contract, or in the time required for its performance, an equitable adjustment shall be made and the contract shall be modified in writing accordingly. No change involving an estimated increase or decrease of more than Five Hundred Dol-

lars shall be ordered unless approved in writing by the head of the department or his duly authorized representative. Any claim for adjustment under this article must be asserted within ten days from the date the change is ordered, unless the contracting officer shall for proper cause extend such time, and if the parties can not agree upon the adjustment the dispute shall be determined as provided in Article 15 hereof. But nothing provided in this article shall excuse the contractor from proceeding with the prosecution of the work so changed."

"Article 5. Extras.—Except as otherwise herein provided, no charge for any extra work or material will be allowed unless the same has been ordered in writing by the contracting officer and the price stated in such order."

The law is clear that in contracts of this character defendant is not liable either on quantum meruit or upon the contract unless the changes or extras were authorized by the proper officials of defendant and were approved as provided by the contract. Plumley v. United States, 226 U.S. 545, 33 S.Ct. 139, 57 L.Ed. 342; Hawkins v. United States, 96 U.S. 689, 24 L.Ed. 607.

The questions before us are factual: (a) Was there a written order for the changes which caused the increase in the costs for which recovery is sought? (b) Were the changes in plans which amounted to more than $500, approved in writing by the head of the department or his duly authorized representative? (c) Was claim for adjustment made within ten days from the change, or was an extension of such time granted?

The answer to each of these questions must be in the negative. There is no evidence to the contrary.

Plaintiffs build their case, however, on the action of the inspector and engineer and the acceptance of the benefits by the Government. They maintain that if not entitled to compensation for extras under the contract, they may recover on quantum meruit.

We quote from Plumley v. United States, supra [226 U.S. 545, 33 S.Ct. 140, 57 L.Ed. 342]:

"* * * The contract provided that changes increasing or diminishing the cost must be agreed on in writing by the contractor and the architect, with a statement of the price of the substituted material and work. Additional precautions were required if the cost exceeded $500. In every instance it was necessary that the change should be approved by the Secretary. There was a total failure to comply with these provisions, and though it may be a hard case, since the court found that the work was in fact extra and of considerable value, yet Plumley cannot recover for that which, though extra, was not ordered by the officer and in the manner required by the contract. Rev.Stat. § 3744 [41 U.S.C.A. § 16]; Hawkins v. United States, 96 U.S. 689, 24 L.Ed. 607; Ripley v. United States, 223 U.S. 695, 32 S.Ct. 352, 56 L.Ed. 614; United States v. McMullen, 222 U.S. 460, 32 S.Ct. 128, 56 L.Ed. 269."

Upon the undisputed facts plaintiffs can not recover either on the contract or on quantum meruit.

The reasons for holding the parties strictly to their contract are obvious. Not only does the defendant have good grounds for insisting that all modifications be in writing but also that only designated officials may approve cost raising changes, but it is making no exceptions to the law of contracts when it inserts such provisions in all its building contracts.

Plaintiffs' remedy, if any, is to apply to Congress for relief. It is not for the courts to revise the written contract of the parties.

There is one item which needs special consideration. It is the item of $2400 allowed by the District Court and is based on the fact that while the building was in the process of construction the N. R. A. was enacted, which increased the costs to the contractor. Plaintiffs rely on Sections 28–31, Title 41 U.S.C.A., and Ch. 699, Vol. 52 U.S. Statutes at Large, p. 1197, enacted in the year of 1938, June 25.

As we construe these statutes the Court of Claims is the exclusive tribunal to whom plaintiffs may present a claim of this character. It can not be included in this action for the District Court was not given jurisdiction of such claims.

The judgment is reversed, and the cause remanded for a new trial.