Jones, Judge,
delivered the opinion of the court:
Walter C. Reediger, Inc., instituted this suit to recover the sum of $962.15 with interest, which it claims is a balance due it in connection with the delivery of certain topsoil to several parks and parkways in New York State under a purchase agreement with the United States.
The facts are stated in the special findings and will be referred to only briefly.
According to the terms of the purchase agreement, 24,000 cubic yards of topsoil were to be delivered along Grand Central Parkway and Extension near Kew Gardens, Long Island. The price for these deliveries was to be 790 per cubic yard.
Under the terms of the second part of the agreement 10,000 cubic yards were to be delivered to Cunningham Park at the rate of 700 per cubic yard. The price for this latter quantity was probably made less because of the shorter hauling distance.
The second part of the contract was performed according to its terms.
The major portion of the soil called for by the first part of the contract was diverted. Of the 24,000 cubic yards only 3,308 cubic yards were actually delivered to Grand *124 Central Parkway and Extension as orginally contemplated by the agreement. The remaining portion of the 24,000 cubic yards was delivered to several different places, including Highland Park, Brookville Park, Interborough Park, Alley Pond Park, and Cunningham Park. The hauling distance to all these places was greater by from two and one-half miles to six miles than was the distance to Grand Central Parkway, with the exception of Alley Pond Park, which was three and one-half miles less, and Cunningham Park, which was one-half mile less than the distance to Grand Central Parkway.
The diversion of 5,011 cubic yards to Brookville Park was authorized by defendant and accepted by plaintiff with the agreement of the parties that no change in the contract price was involved. This item, therefore, is not in controversy.
The plaintiff claimed that it was authorized orally by Mr. Hall, Mr. Elder, and Mr, Donohan to make the other diversions. Mr. Hall and Mr. Elder represented “the W. P. A. of the Long Island State Park Commission.” Mr. Donohan was connected with the United States Treasury Department and was called a “field expediter.”
Plaintiff claimed that it was authorized to make these diversions and was told that because of the longer haul some of the diversions entailed it would be allowed to divert 10,000 cubic yards from Grand Central Parkway to Cunningham Park; and that it would be paid for this latter diversion at the rate of 19$ per cubic yard instead of the 70$ per cubic yard stipulated for deliveries under the second part of the contract.
There was no written authority for making any of these latter diversions. The evidence affirmatively shows that none of the men named by the plaintiff as orally directing such diversions had any authority to do so.
In these circumstances we do not think plaintiff is entitled to recover the additional price which it claims. It was paid for the approximately 34,000 cubic yards which it actually delivered at the rates stipulated in the contract.
The uncontroverted evidence shows that the only persons authorized to make changes in the purchase order were *125 P. H. Mikulik, the contracting officer, and M. Barrett, the Group Chief of the United States Treasury Department, Procurement Office. One of the witnesses for defendant testified that when Mr. Reediger came into the Procurement Office and stated that plaintiff had been awarded a contract, he was cautioned to refuse to depart from the contract, and was warned “they will ask you to do anything and everything and after it is done you are going to suffer.” The witness emphasized that he tried to impress upon Reediger the necessity of doing only what the contract called for.
This testimony is uncontroverted. The contract fixed the rights and obligations of the parties and vested in the Government the right to have performance in accordance with its terms. No unauthorized officer of the Government could waive the terms of the contract. Hawkins v. United States, 96 U. S. 689, 695; Baltimore & Ohio Railroad Co. v. United States, 261 U. S. 592, 596; Gilbert H. Ferris v. United States, 28 C. Cls. 332.
The diversion of the Grand Central Parkway deliveries was made without the knowledge of the Treasury Department, Procurement Division, and upon instructions of employees of the Long Island State Park Commission, who had no authority to issue such orders. This act created no obligation on the part of the United States to pay excess charges for deliveries to points farther distant from the source of supply than the Grand Central Parkway and Extension, nor any obligation to pay 790 per cubic yard for deliveries diverted to Cunningham Park when the contract specifically provided for a price of 100 per cubic yard for deliveries to that point. The State Procurement Officer also reported that the diversions were made without his knowledge or approval.
Plaintiff contends that if not entitled to recover on the basis of the contract, it is entitled to recover on the basis of quantum meruit. However, there is no satisfactory evidence to show the reasonable value of the extra hauling. The plaintiff had agreed to deliver 5,000 cubic yards to a more distant point without any increase in price. The record does not show the value of the other deliveries made to a more distant point, nor is there any evidence in the *126 record to sbow that the 10,701 cubic yards actually delivered to Cunningham Park, and for which plaintiff claims 790 per cubic yard, were of greater value that the 700 per cubic yard stipulated for the 10,000 cubic yards under the second part of the contract. In addition, since the diversions were not shown to have been authorized and were made without the knowledge or approval of the duly authorized official, and since no agreement, express or implied, was made to make payment at a rate in excess of that stipulated in the contract, there is no basis for a recovery on the theory of quantum meruit.
It follows that the petition must be dismissed and it is so ordered.
Madben, Judge; Whitaker, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.