Green, Judge,
delivered the opinion of the court:
The plaintiff is administratrix of the estate of Walter S. Hardwick, who died intestate January 14, 1936. The *342 decedent, during the contract period here involved, was a member of the partnership of Erickson & Hardwick, which was composed of the decedent and Carl Erickson. Subsequent to the contract period Carl Erickson died and the-partnership was dissolved, Walter S. Hardwick surviving.
On November 17, 1932, Erickson & Hardwick entered into a contract with the defendant to perform certain work required for the construction of a levee. Work to be performed under the contract was sublet by the partnership to W. E. Callahan Construction Company with the approval of the United States. Compensation under the contract was paid to the W. E. Callahan Construction Co. who in turn sublet the work to the Callahan-Walker Construction Company which actually performed the work and to which if any amount is recovered herein by the plaintiff will be paid. Those actually performing the work are hereinafter referred to as the “contractor.”
The contractor performed the work specified in the contract and was paid for it in accordance therewith. It also did other work not provided for either in the contract or’ the specifications for which it has demanded payment. This demand being refused, it now brings suit to recover the reasonable value of the extra work done. The defense presented is that the extra work was not ordered by the contracting officer nor was it necessary to the completion of the project.
Article 5 of the contract provided that “no charge for any extra work or material will be allowed unless the same has been ordered in writing by the contracting officer and the price stated in such order.”
The findings show not only that the work was not ordered by the contracting officer but that plaintiff was informed that if done it would not be paid for. See Finding 5.
While we have held that when changes are ordered by the contracting officer in the manner provided by the contract, and the work is necessary for the completion of the project and is received and accepted by the Government, that an implied contract arises to pay the reasonable value of the work; it has also been held that where the contract provides that no payment should be made for any extra *343 work or material unless it is ordered in the manner prescribed by the contract, that this clause is fatal to any recovery by the contractor for the work not so ordered. See Plumley v. United States, 43 C. Cls. 266, 280, 281; Plumley v. United States, 226 U. S. 545, 547; Hyde v. United States, 38 C. Cls. 649, 658, 659; Morgan v. United States, 59 C. Cls. 650, 654.
The failure to comply with this provision is sufficient without anything else to prevent recovery in the case but another matter should be noticed.
The Commissioner of this court made a finding which in substance was to the effect that the work was not necessary for the completion of the project. Plaintiff strenuously objects to this finding but upon examination of the evidence, we think it is substantially correct and, changing the wording slightly, we have found that plaintiff has failed to show by preponderence of the evidence that the work was necessary to the completion of the project. This also would prevent a recovery in the case.
The plaintiff’s petition must be dismissed and it is so ordered.
MaddeN, Judge; Jones, Judge; and Whaley, Chief Justice, concur.
WhitakeR, Judge, took no part in the decision of this case.