## ENGLISH CONST. CO., Inc., v. UNITED STATES.

### No. 139.

District Court, D. Delaware.

Jan. 14, 1942.

David Anderson, of Wilmington, Del., Harry Kalman, of New York City, and Southerland, Berl, Potter & Leahy, of Wilmington, Del., for plaintiff.

J. H. Reddy and Tom DeWolfe, both of Washington, D. C., and Stewart Lynch, U. S. Atty., of Wilmington, Del., for the United States.

BIGGS, Circuit Judge.

This action is brought under the Tucker Act, 28 U.S.C.A. §§ 41(20), 761–765. The facts are as follows: In 1934 The English Construction Company, a Delaware corporation, entered into a contract with the United States Government for the extension and remodeling of the Custom House and Post Office in Portsmouth, New Hampshire. The plaintiff asserts two claims. It seeks to charge the defendant with extra work and materials which are alleged not to have been required by the contract[1] and to hold it accountable for damages assertedly caused by the defendant's delaying the plaintiff's performance.

In respect to the claim for extras the plaintiff in response to requests for admissions admitted in respect to each of its itemized claims for extras now in dispute " * * * that in each case during the performance of the work under the contract a dispute arose between the parties; that in each case the plaintiff made a protest to the contracting officer, that in each case an authorized representative of such officer advised the plaintiff of what purported to be his interpretation of the drawings or specifications covering the work and that such purported interpretation was adverse to the plaintiff's contentions, and advised the plaintiff that the said work was within the contract requirements."

While the plaintiff denies that the dispute was "referred" to the contracting officer "in accordance with the provisions of the contract", its counsel stated at the hearing that if the " * * * determinations of the contracting officer are final, then we have no case as far as those extras are concerned."

The United States relies upon Article 15 of the contract and section 47 of the specifications. Article 15 provides: "All labor issues arising under this contract which cannot be satisfactorily adjusted by the contracting officer shall be submitted to the Board of Labor Review. Except as otherwise specifically provided in this contract, all other disputes concerning questions arising under this contract shall be decided by the contracting officer or his duly authorized representative, subject to written appeal by the contractor within thirty days to the head of the department concerned or his duly authorized representative, whose decision shall be final and conclusive upon the parties thereto as to such questions * * *."

Section 47 of the Specifications dealing with "Interpretations" provides: "The decision of the contracting officer or his authorized representative as to the proper interpretation of the drawings and specifications shall be final. * * *"

Prior to the decision of the Supreme Court in United States v. John McShain, Inc., 308 U.S. 512, and 520, 60 S.Ct. 134, 84 L.Ed. 437, reversing a judgment of the Court of Claims (see 88 Ct.Cl. 284) it was held very frequently that no ruling of an executive officer would be final, express provisions in the contract to such effect notwithstanding, when the question was purely one of law, and turned upon a construction of a contract or, depended on the interpretation of a blue print or a drawing which was part of the contract. See English Const. Co. v. United States, D.C., 29 F.Supp. 526; and Collins and Farwill v. United States, 34 Ct.Cl. 294. The Supreme Court in the McShain case proceeded to demolish the singular conception that plain words of the English language could not be given their ordinary meaning in a contract made by the United States and returned the law to the position taken by it in Plumley v. United States, 226 U.S. 545, 547, 33 S.Ct. 139, 57 L.Ed. 342, and in Merrill-Ruckgaber Co. v. United States, 241 U.S. 387, 393, 36 S. Ct. 662, 60 L.Ed. 1058. The plaintiff in the case at bar now seeks in effect to set aside the effect of the McShain decision.

This it cannot do. The provisions of the contract and the specifications in the case at bar are identical with those in the McShain case. The decisions of the Supreme Court in Plumley v. United States and Merrill-Ruckgaber Company v. United States make plain that the decision of the contracting officer cannot be set aside unless the decision was so arbitrary or so grossly

---

[1] In this connection the plaintiff's petition sets forth twelve particularized items (a) to (l) of which it has abandoned items (k) and (l).

erroneous as to imply bad faith. There is no suggestion in the pleadings or in the evidence of bad faith or gross error on the part of the contracting officer in the case at bar. It follows that the United States must prevail upon this phase of the case.

In respect to the claim for delay, concessions by the plaintiff have narrowed the issue. The plaintiff admits its claim is for 67 rather than for 71 days delay as alleged. The United States did not controvert the plaintiff's evidence as to its per diem rate of loss. Computed in accordance with the foregoing this claim totals $1,435.68. There was admitted in evidence without objection by the government a letter addressed to the plaintiff and signed by the contracting officer. This letter states that "* * * the delays of 67 calendar days were due to conditions beyond your control and caused by no fault or negligence on your part." It follows that the plaintiff is entitled to the sum of $1,435.68. It concedes that it is not entitled to interest. Judgment will be entered for the plaintiff in the sum indicated.

Findings of fact and conclusions of law are filed herewith in accordance with the provisions of Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.