Wiialey, 'Chief Justice,
delivered the opinion of the court:
Plaintiff brings this suit for damages for delays caused by the defendant in the performance of its contract with the Government.
*354 The facts show that on June 8, 1934, plaintiff entered into a contract with the defendant, through the War Department whereby, in consideration of the sum of $186,022.66, plaintiff agreed to furnish all plant, labor, and material, and to perform all work required for the construction of the highway approaches to the highway bridge over the Cape Cod Canal at Bourne, Massachusetts, and for the reconstruction of a section of the highway passing under the overpass on the north approaches to the Bourne Bridge, in strict accordance with the terms of the contract and specifications. The work was to be completed within 210 days after notice to proceed.
Notice to proceed was given to plaintiff on June 27, 1934 which fixed the completion date as January 23, 1935. At the time plaintiff received notice to proceed and also at the time plaintiff’s contract was executed, the Bourne bridge was in the early stages of construction. The contract for the construction of the Bourne Bridge had been let to the P. J. Carlin Company. The contract for the construction of the overpass on the north approaches was not let to Frank T. Westcott until July 27,1934. Notice to proceed was given to Westcott on August 17,1934 which made the completion date of his contract January 24,1935.
The principal work required under plaintiff’s contract was what .is known as “cut and fill” work, that is, material, which plaintiff would remove from the south side of the canal in making the south approaches to the bridge, would be hauled across the canal and used as “fill” in making the north approaches to the bridge. The material belonged to the defendant.
Plaintiff was put on notice, under paragraph 16 of the specifications attached to the contract, that all three phases of construction, the construction of the Bourne Bridge over the canal, the bridge over the State Highway (the overpass), and the reconstruction of the section of the State Highway were to proceed concurrently under separate contracts.
Plaintiff was delayed in the performance of its work by the operations of the other contractors. Upon notice of these delays to the contracting officer, extensions of time were granted by change orders. In all, the contracting officer *355 found that plaintiff had been delayed 229 days and issued change orders extending plaintiff’s contract for that period of time.
Plaintiff’s contract was completed on September 9, 1935. No liquidated damages were assessed and the full contract price was paid including an allowance for about 13,000 cubic yards of extra material used to complete the work on the north side. Upon accepting payment on March 16, 1936, plaintiff executed a release to the defendant of all claims except the sum of $86,545.00 which plaintiff alleged represented the amount of damages on account of delay caused by other contractors. ^Recovery cannot exceed the amount named in the release and is confined also to the items reserved. The only items reserved by plaintiff were for damages due to delays caused by the defendant entering into contracts with other contractors after date of plaintiff’s contract.
The Bourne Bridge contract was entered into previous to plaintiff’s contract and the only contract entered into subsequently was that with Westcott. Although plaintiff has attempted to prove a larger amount than that reserved, no greater amount can be recovered than that stated in the release. P. J. Carlin Construction Co. 92 C. Cls. 280, 305.
Plaintiff is seeking recovery on three items; (1) equipment rental for 192 working days; (2) 45,000 cubic yards of borrow material; (3) overhead expenses for 229 days.
The evidence clearly shows that the plaintiff has been damaged by reason of delays occasioned by the other contractors and especially contractor Westcott. However, the burden of proof of the actual damages suffered must be borne by plaintiff and must be established by the greater weight of the evidence.
The evidence produced by plaintiff for equipment rental falls far short of the rule in such cases. Plaintiff owned all the equipment used to perform the work required by the contract. In attempting to prove damages plaintiff listed each piece of equipment, estimating the fair rental value of each piece for one day, assuming that each piece of equipment was in use each of the 192 working days, and multiplied the rental value by the number of working days.
At the time these delays occurred plaintiff had two con *356 tracts with the Commonwealth of Massachusetts known as the Bourne-Plymouth and the Boume-Wareham contracts. The site of these additional jobs was in the same vicinity as that of the equipment which was used in the performance of plaintiff’s contract with the defendant. The same equipment was used on all three jobs by staggering the operations.
There has been a total failure on the part of the plaintiff to furnish sufficient evidence tó show when each piece of its equipment was idle or the distribution of its equipment over the three jobs. The evidence discloses that part, if not all, of the equipment was used on the other contracts during the delay period and also that it was used on a construction job which plaintiff was finishing during the first two months of the contract.
It is necessary for plaintiff to prove what machinery was idle, when it was idle, and the rental value. This the plaintiff has failed to do. The evidence is not sufficient to allow recovery for any amount. Recovery must be denied on this item for failure of sufficient proof.
The item for overhead fails for lack of proof in a proper manner. Plaintiff listed certain of its employees who worked on the contract, fixéd a weekly wage for each, and, assuming that they worked the entire delay period, multiplied the amounts by the number of weeks of the delay and the resultant amount was the overhead charge.
As shown above, plaintiff had three contracts going on at the same time and a fourth contract part of the time. There is no attempt to show the allotment as to what portion of time each employee spent on plaintiff’s contract with the Government and what portion was spent on other contracts. It is simply a blank assumption that the time of the employees was taken up entirely with this one contract to the exclusion of the others. It was encumbent upon the plaintiff to state what portion of the overhead was a fair and reasonable charge for this contract and what proportions the other contracts have. The evidence is insufficient to establish the amount of overhead which is recoverable. No recovery can be had on this item for failure of proof. Plumley v. United States, 226 U. S. 545; Gertner v. United States, 76 C. Cls. 643, 660.
*357 The third and last item is for the furnishing of approximately 45,000 cubic yards of borrow material in making the north fill. This is a claim for extra material furnished and not damages occasioned by the delays. The facts show that plaintiff was to haul from the south side of the bridge to the north side the material furnished by the defendant. It was unable to make continuous hauls of the material due to the delays occasioned by the Westcott contract. The plaintiff placed this material on a vacant lot. When the time arrived when the work could be completed on the north side, plaintiff found it cheaper to purchase material adjacent to or near the north side than to haul material which had been furnished by the Government and was piled on the vacant lot on the south side.
Under article 5 of the contract plaintiff was not permitted to purchase any extra material without obtaining an order in writing from the contracting officer and the price for the material stated in the order. No order was given by the contracting officer. The method used by plaintiff was resorted to purely for the purpose of economy and hastening the work. Doubtless plaintiff used this method to mitigate damage. Nevertheless, it was against the contract to do so.
. There has been no attempt on the part of the plaintiff to show what the extra cost would have been to have taken the material on the lot and hauled it to the place where the work was being performed. The actual damage to plaintiff would have been the difference between the contract price ■without the delays and the extra cost to which plaintiff would have been put due to double hauling and handling. In this item, as in the other two, there has been an insufficient and improper method of proof of damages occasioned by the delays, and therefore there can be no recovery.
It is not necessary to prove damages with mathematical exactitude but some proof is necessary to arrive at a reasonable compensation. The plaintiff was damaged by the delays but the evidence does not even furnish a reasonable basis on which a fair-minded person can arrive at a reasonable and fair amount of compensation. It is unnecessary to discuss the length of the delays for which the defendant is responsible. It is impossible to pick out the machinery which was idle and *358 the length of time it was idle. It is impossible to ascertain the number of employees, the length of time employed, proportion of salaries which should be allocated to this contract, and the proportion of the cost of their employment which should be allocated to the other contracts. Some of the employees for whose services compensation is claimed in the overhead charges do not appear on the pay roll and the salaries charged for others are grossly exaggerated. The burden of proving damages was on the plaintiff and this burden has not been sustained.
Recovery is denied. The petition is dismissed.
It is so ordered.
Madden, Judge; Jones, Judge; Whitaker, Judge; and Littleton, Judge, concur.