Whaley, Chief Justice,
dissenting:
I cannot agree with the majority opinion.
Article 3 of the contract provides for orders of the contracting oflicer involving changes to be in writing and when the order for a change is over $500.00 the written approval of the head of the department shall be necessary. Article 5 of the contract provides that no charge for any extra work or material will be allowed unless the same had been ordered in writing by the contracting officer and the price stated in the order.
*532 Plaintiff claims a change was made involving thousands of dollars. No written order for the change was ever issued, by the contracting officer and approved by the head of the department.
The substitution of firebrick for common brick was a change from one thing to the other, and I do not see how it can be said not to be a change. However, it required more of mortar to lay firebrick than common brick, and in that respect the change did involve an “extra.”
But the “extra” clause of the standard contract is not exclusive; it does not have the effect of converting a change into an extra. If the thing done is a change, it is subject to the provisions covering changes.
The situation is made clearer perhaps by supposing the contract to have required the use of firebrick, for which thereafter common brick was substituted. Common brick requiring less work and material than firebrick, there would then admittedly be no “extra.” The change from firebrick to common brick would have to be considered just that — a change. Being a change it would be subject to all the provisions in the contract relating to changes. As far as any practical concept of “change” is concerned, there is no difference between the passage from common brick to firebrick, and the passage from firebrick to common brick.
I can find no case in this court or the Supreme Court which gives even a semblance of sanction to the interpretation of Articles 3 and 5 of the contract which would justify their total avoidance.
Bemedy is with the Congress and not the court.
I am of the opinion that the provisions of Articles 3 and 5 of the contract are equally binding on both parties, and plaintiff is not entitled to recover. Ferris v. United States, 28 C. Cls. 332; Hawkins v. United States, 96 U. S. 689, 697; McLaughlin v. United States, 36 C. Cls. 138; Plumley v. United States, 226 U. S. 545, 547; United States v. John McShain, Inc., 308 U. S. 520, 521; Dravo Corporation v. United States, 94 C. Cls. 270, 280; Reediger, Inc. v. United States, 94 C. Cls. 120, and Callahan-Walker v. United States, decided by the Supreme Court November 9, 1942, 317 U. S. 56.
*533 The cases of United States v. Andrews, 207 U. S. 229 and St. Louis Hay and Grain Co. v. United States, 191 U. S. 159, are distinguishable.
Whitakek, Judge, concurs in this opinion.