WhitakeR, Judge
delivered the opinion of the court:
Plaintiff sues to recover the sum of $6,915.44, the cost of installing back counters in the cafeteria of the General Federal Office Building in Washington, District of Columbia. It claims they were not called for by the plans and specifications. The contracting officer ruled that they were.
After receipt of his ruling plaintiff at first requested that he make findings of fact so that an appeal might be taken to the head of the department, but this request was later withdrawn and no appeal was taken. In such case, under paragraph 3-41 of the specifications, the contracting officer’s finding is conclusive, if not arbitrary or so grossly erroneous as to imply bad faith. This paragraph reads:
Interpretations. — The decision of the contracting officer or his authorized representative as to the proper interpretation of the drawings and specifications shall *265 be final. The Assistant Director of Procurement, Public Buildings Branch, is the duly authorized representative of the contracting officer.
See Plumley v. United States, 226 U. S. 545; McShain v. United States, 308 U. S. 512, 520.
The commissioner found that the contracting officer gave full consideration to plaintiff’s claim and that his determination was not arbitrary nor in bad faith. Plaintiff took no exception to this finding- It is well supported by the record.
Careful consideration was given to plaintiff’s claim. The Assistant Supervising Engineer appointed two engineers to examine the claim and advise him as to its merits. They reported on November 2, 1939, that it was without merit. The Assistant Supervising Engineer concurred and so notified plaintiff. On January 24, 1940, plaintiff wrote the defendant again presenting further arguments in support of its claim. The Acting Commissioner of Public Buildings replied on February 7, 1940, further discussing the claim and confirming the former ruling. Upon receipt of further communications from plaintiff the matter was referred to a Board of Contract Review. On September 11, 1940, this Board reported that the plaintiff’s claim was without merit and plaintiff was so notified by the Supervising Engineer in a letter dated September 25, 1940, which set out further reasons for the rejection of the claim. The plaintiff, still dissatisfied, on November 25,1940, addressed a letter to the Public Works Administration, Federal Works Agency, requesting that the contracting officer himself give consideration to the matter. The contracting officer on June 5,1941, advised plaintiff that after full consideration the previous decision was confirmed.
We think his decision was correct. Drawing CE-476, which sets out the cafeteria and kitchen equipment, shows plainly the back counters in question. They are designated on the plans as follows: “Line of back counters,” with an arrow from these words pointing to the drawings of the counters. The plans state plainly that “All items indicated and shown on this drawing are included in Alternate A excepting only those specifically excluded by notes * * The back counters were not excluded by notes.
*266 The only basis whatever for plaintiff’s claim is the following : The plans under the heading “Equipment Identification” lists 73 items of kitchen equipment, item 72 of which is a back counter. This back counter is not one of the back counters designated by “Line of back counters,” and it is the only back counter bearing the number “72.” The back counters designated on the plans by “Line of back counters” bear no numbers. Then in the specifications under paragraph 53-261 there is given the specifications for “Item 72, one (1) back counter.” Plaintiff says that since the plans list the kitchen equipment on the plan and give each a number, and since only one back counter bears the number 72, and the specifications mention only one, only one was required to be built.
This is not correct. The specifications for the back counter numbered 72 and the other back counters are different. Those for the one numbered 72 are contained in paragraph 53-261; those for the others, in paragraph 53-35. In the latter paragraph are set out the specifications for “counters behind serving counters and back counters.” Since they were different sorts of back counters, they could not have been given the same number. No number was given the sixteen in question, but they were plainly designated by the words, “Line of back counters,” with arrows leading from these words to the drawings of the counters. They were not excluded by a note and were plainly called for.
Not only was the contracting officer’s interpretation of the plans and specifications not arbitrary nor so grossly erroneous as to imply bad faith, but it seems to us to be the correct one.
It results that plaintiff is not entitled to recover and its petition, therefore, will be dismissed. It is so ordered.
Madden, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.
J ones, Judge, took no part in the decision of this case.